KEKER, VAN NEST & PETERS LLP
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
MATAN SHACHAM - # 262348
mshacham@keker.com
WILLIAM S. HICKS - # 256095
whicks@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant Facebook, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER KING, JD A/K/A KingCast,<br><br>                Plaintiff,<br><br>        v.<br><br>FACEBOOK, INC.,<br><br>                Defendant. | Case No. 3:19-cv-01987-WHO<br><br>**DEFENDANT FACEBOOK, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR RULE 201 JUDICIAL NOTICE**<br><br>Judge:     Hon. William H. Orrick, Jr.<br><br>Date Filed: April 12, 2019<br><br>Trial Date: Not Set |

1327777

## I.      INTRODUCTION

*Pro se* Plaintiff Christopher King has moved the Court to take judicial notice of an article purportedly published on the internet by the *USA Today*. *See* Dkt. No. 8. Plaintiff does not explain the relevance of the article, which is purportedly reproduced in Appendix A to his memorandum (Dkt. No. 8-1), other than to assert that "[t]he content of the story closely (read: precisely) mirrors much of the subject matter of Plaintiff's pending lawsuit." Dkt. No. 8-1 at 1. Nevertheless, Plaintiff seeks an open-ended order allowing him "to present these materials to the Court" and to use them in dispositive motions. *See* Dkt. No. 8-2 (Proposed Order).

The Court should deny Plaintiff's motion because Plaintiff has failed to demonstrate that the article is the proper subject of judicial notice.

## II.     LEGAL STANDARD

Courts may take judicial notice of matters that are "either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Minor v. FedEx Office & Print Servs., Inc.*, 78 F. Supp. 3d 1021, 1027 (N.D. Cal. 2015); Fed. R. Evid. 201(b). Moreover, because "any evidence considered by the Court must be relevant evidence," courts decline to judicially notice materials that are not relevant to the matter at issue. *Twitter, Inc. v. Sessions*, 263 F. Supp. 3d 803, 806 n. 2 (N.D. Cal. 2017) (denying judicial notice of irrelevant materials that were not from a source whose accuracy could not reasonably be questioned).

"The purpose of the judicial notice rules is to allow the court or jury to consider a matter as to which there can be no reasonable dispute." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018). Accordingly, "Rule 201(b) limits judicial notice to 'indisputable' facts, thus limiting the use of judicial notice to clear cases." *Id.* (quoting 21B Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure (Evidence) § 5102.2 (2d ed. 2005)).

## III.    ARGUMENT

The *USA Today* article attached to Plaintiff's memorandum is not properly the subject of judicial notice, for two reasons.

1327777

*First*, the article does not concern matters that are generally known within this Court's territorial jurisdiction, nor does it concern matters that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See, e.g.,* Fed. R. Evid. 201(b); *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1124 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010) (declining judicial notice of "a study from an internet site on identity theft, and a list, also from an internet site, of data breach incidents reported in California in the last two years"; noting that "these materials are not remotely akin to the type of facts which may be appropriately judicially noticed"). Courts routinely decline to grant judicial notice regarding materials published on private websites because "they are not inherently reliable." *Rollins,* 338 F. Supp. 3d at 1032; *see also id*. at 1032-33 ("There are at least a trillion web pages on the Internet, and many of the documents within those pages are unsupported, poorly supported, or even false.").

*Second*, the article is irrelevant. On its face, the article purports to contain hearsay statements of third parties regarding Facebook.  Dkt. No. at 8-1 (Appendix A). Plaintiff seeks an order allowing him to use such evidence in dispositive motions (Dkt. No. 8-2), but no dispositive motion has yet been filed, and the fact that such statements purportedly were in the public realm is not relevant to any issue. *See, e.g., Lewis v. Liberty Mut. Ins. Co*., 321 F. Supp. 3d 1076, 1079 n. 1 (N.D. Cal. 2018) (declining to take judicial notice of materials not necessary to resolution of motion); *Gerritsen v. Warner Bros. Entm't Inc*., 112 F.Supp.3d 1011, 1030 (C.D. Cal. 2015) (denying request for judicial notice of press releases and news articles because "it is irrelevant, for purposes of defendants' motion to dismiss, that the information in the press releases and news articles was publicly available"); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1088 (N.D. Cal. 2017) (denying judicial notice of publicly available articles because "the fact that publications made statements . . . , thus putting that information in the public realm, is not relevant to determining [any disputed issue]."). Even if the underlying facts in the article were somehow relevant (as Plaintiff asserts), "Plaintiff cannot use a request for judicial notice of the

1327777

1   fact that publications have published material as a backdoor avenue for introducing evidence of

2   the facts themselves." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d at 1088.

3        Accordingly, judicial notice is improper and should be denied.

4   **IV.    CONCLUSION**

5        For the foregoing reasons, the Court should deny Plaintiff's request for judicial notice.

6

7                                       Respectfully submitted,

8   Dated:  May 10, 2019                KEKER, VAN NEST & PETERS LLP

9

10                           By:    /s/ *William S. Hicks*
                                    WILLIAM S. HICKS

11                                  Attorneys for Defendant Facebook, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT FACEBOOK, INC.'S RESPONSE TO PLAINTIFF'S
MOTION FOR RULE 201 JUDICIAL NOTICE
Case No. 3:19-cv-01987-WHO

1327777