KEKER, VAN NEST & PETERS LLP
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
MATAN SHACHAM - # 262348
mshacham@keker.com
WILLIAM S. HICKS - # 256095
whicks@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant Facebook, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER KING, JD A/K/A KingCast,<br><br>           Plaintiff,<br><br>      v.<br><br>FACEBOOK, INC.,<br><br>           Defendant. | Case No. 3:19-cv-01987-WHO<br><br>**DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:        July 17, 2019<br>Time:       9:00 a.m.<br>Judge:      Hon. William H. Orrick, Jr.<br>Dept.:       Courtroom 2<br><br>Date Filed: April 12, 2019<br><br>Trial Date: Not Set |

**TABLE OF CONTENTS**

Page No.

I. INTRODUCTION ........................................................................................................... I

II. ARGUMENT ................................................................................................................... 1

    A. Plaintiff's Claims are Barred by Section 230(c)(1) of the CDA .............................. 1

        1. Plaintiff concedes that Facebook provides an interactive computer service ................................................................................................... 1

        2. Plaintiff concedes that the content at issue was provided by someone other than Facebook ..................................................................... 1

        3. Plaintiff's Complaint seeks to hold Facebook liable for performing a publisher's traditional editorial functions ................................................. 2

    B. The Complaint Fails to State Any Cause of Action Against Facebook .................. 5

III. CONCLUSION ................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*Barnes v. Yahoo!, Inc.*,
　570 F.3d 1096 (9th Cir. 2009) ................................................................................................ 2, 3

*Berenblat v. Apple, Inc.*,
　2010 WL 1460297 (N.D. Cal. Apr. 9, 2010) ................................................................................ 8

*Brittain v. Twitter, Inc.*,
　2019 WL 2423375 (N.D. Cal. June 10, 2019) ......................................................................... 4, 5

*Caraccioli v. Facebook, Inc.*,
　167 F. Supp. 3d 1056 (N.D. Cal. 2016) ................................................................................... 4, 5

*Carafano v. Metrosplash.com, Inc.*,
　339 F.3d 1119 (9th Cir. 2003) .................................................................................................... 2

*Ebeid v. Facebook, Inc.*,
　2019 WL 2059662 (N.D. Cal. May 9, 2019) ..................................................................... *passim*

*Fields v. Twitter, Inc.*,
　217 F. Supp. 3d 1116 (N.D. Cal. 2016) (Orrick, J.) ................................................................... 4

*Fontenot v. Wells Fargo Bank, N.A.*,
　198 Cal. App. 4th 256 (2011) ..................................................................................................... 5

*Horne v. Harley-Davidson, Inc.*,
　660 F. Supp. 2d 1152 (C.D. Cal. 2009) ...................................................................................... 5

*Inc. v. Google, Inc.*,
　108 F. Supp. 3d 876 (N.D. Cal. 2015) ........................................................................................ 4

*Jurin v. Google, Inc.*,
　695 F. Supp. 2d 1117 (E.D. Cal. 2010) ...................................................................................... 5

*King v. Friends of Kelly Ayotte*,
　860 F. Supp. 2d 118 (D.N.H. 2012) ............................................................................................ 6

*Klayman v. Zuckerberg*,
　753 F.3d 1354 (D.C. Cir. 2014) .............................................................................................. 2, 3

*Lancaster v. Alphabet Inc.*,
　2016 WL 3648608 (N.D. Cal. July 8, 2016) .................................................................... 2, 4, 6, 7

*Levitt v. Yelp! Inc.*,
　2011 WL 5079526 (N.D. Cal. Oct. 26, 2011) ........................................................................... 3, 5

*Moss v. Infinity Ins. Co.*,
    197 F. Supp. 3d 1191 (N.D. Cal. 2016) ........................................................................................8

*Nagy v. Nagy*,
    210 Cal. App. 3d 1262 (Ct. App. 1989) .......................................................................................7

*Olivera v. Am. Home Mortg. Servicing, Inc.*,
    689 F. Supp. 2d 1218 (N.D. Cal. 2010) ........................................................................................8

*Perfect 10, Inc. v. CCBill LLC*,
    481 F.3d 751 (9th Cir. 2007) ........................................................................................................4

*Qureshi v. Countrywide Home Loans, Inc.*,
    2010 WL 841669 (N.D. Cal. Mar. 10, 2010) ................................................................................8

*Shahangian v. Bank of Am. Nat'l Ass'n*,
    2015 WL 12696038 (C.D. Cal. Dec. 1, 2015) ..............................................................................7

*Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*,
    144 F. Supp. 3d 1088 (N.D. Cal. 2015), *affirmed sub nom, Sikhs for Justice,
    Inc. v. Facebook, Inc.*, 697 F. App'x 526 (9th Cir. 2017) .......................................................3, 4

*Solomon v. N. Am. Life & Cas. Ins. Co.*,
    151 F.3d 1132 (9th Cir. 1998) ......................................................................................................7

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ......................................................................................................8

*Walker v. KFC Corp.*,
    728 F.2d 1215 (9th Cir. 1984) ......................................................................................................5

*Williams v. Wraxall*,
    33 Cal. App. 4th 120 (1995) .........................................................................................................7

*Young v. Facebook, Inc.*,
    2010 WL 4269304 (N.D. Cal. Oct. 25, 2010) ..............................................................................5

*Zeran v. Am. Online, Inc.*,
    129 F.3d 327 (4th Cir. 1997) ...................................................................................................2, 3

**Statutes**

42 U.S.C. § 1981 ...................................................................................................................................6

47 U.S.C § 230 ............................................................................................................................passim

California Business & Professions Code § 17200 ..........................................................................5, 8

**Other Authorities**

Fed. R. Civ. Proc. 9(b) .........................................................................................................................8

I.     INTRODUCTION

Plaintiff's opposition brief is an exercise in misdirection. It fails to rebut either of the reasons why the claims against Facebook must be dismissed.

*First*, as explained in Facebook's opening brief, Plaintiff's claims are barred by CDA Section (c)(1). Indeed, Plaintiff effectively concedes that all three requirements for Section (c)(1) immunity are met, namely that (1) Facebook is the provider of an interactive computer service; (2) the content at issue was provided by someone other than Facebook (Plaintiff); and (3) Plaintiff's claims seek to hold Facebook liable for exercising "traditional editorial functions." *See* Mot. at 4-9. Plaintiff asserts that CDA immunity does not apply here but his contention is contrary to binding Ninth Circuit authority and scores of reasoned decisions from courts in this District,[1] all of which Plaintiff studiously ignores. Section 230(c)(1) mandates dismissal of Plaintiff's claims.

*Second*, putting aside CDA immunity, Plaintiff's six individual causes of action against Facebook suffer from their own fatal defects. Indeed, Plaintiff has failed to address any of Facebook's arguments explaining why Plaintiff has failed to plead any plausible claim for relief.

For the reasons set forth below and in Facebook's opening brief, the Court should dismiss the claims against Facebook with prejudice.

II.    ARGUMENT

    A.     **Plaintiff's Claims are Barred by Section 230(c)(1) of the CDA**

        1.     **Plaintiff concedes that Facebook provides an interactive computer service**

Plaintiff does not dispute that Facebook is an interactive computer service provider. Mot. at 6. Accordingly, the first requirement for Section 230(c)(1) immunity is satisfied.

        2.     **Plaintiff concedes that the content at issue was provided by someone other than Facebook**

Plaintiff also concedes that he, not Facebook, is the provider of the content at issue. *See, e.g.,* Opp. at 8 ("Defendant is well aware that they had Plaintiff in Facebook jail when his mother

---

[1] Tellingly, Plaintiff asserts that "[c]ourts have been getting it wrong for YEARS about the reach of 47 USC § 230." *See* Opp. at 9.

passed from this Earth, and that they were denying him the right to talk about it with his 1,900 friends."); Dkt. No. 24-1 (King Declaration), ¶ 15 ("I base my Claims on the fact that Defendant failed to even answer me when I told them that a Moderator in the UK could not read my posts on a Civil Rights page"); *id*., ¶ 16 ("I base my Claims on the fact that Defendant failed to respond to a request for further review for two whole weeks out of a four-week/month ban until I notified the World Wide Web and the State Court"); *id*., ¶ 18 ("I base my Claims on the fact that Despite being banned on several occasions I have yet to use the word 'nigger' in a derogatory way towards anyone on Facebook nor will I ever do so").

Thus, the second requirement for Section 230(c)(1) immunity is also met. *See* Mot. at 6-7; *Klayman v. Zuckerberg*, 753 F.3d 1354, 1358 (D.C. Cir. 2014) (affirming dismissal where "the complaint nowhere alleges or even suggests that Facebook provided, created, or developed any portion of the content" at issue); *see also, e.g., Carafano v. Metrosplash.com, Inc*., 339 F.3d 1119, 1125 (9th Cir. 2003) (second element satisfied where plaintiff did not allege that defendant "created or developed the particular information at issue"); *Lancaster v. Alphabet Inc*., 2016 WL 3648608, at *3 (N.D. Cal. July 8, 2016); *Ebeid v. Facebook, Inc*., 2019 WL 2059662, at *4 (N.D. Cal. May 9, 2019).

### 3. Plaintiff's Complaint seeks to hold Facebook liable for performing a publisher's traditional editorial functions

The final requirement for Section 230(c)(1) immunity, that the Complaint "seeks to hold a service provider liable for its exercise of a publisher's traditional editorial function—such as deciding whether to publish, withdraw, postpone or alter content," is also satisfied. *Zeran v. Am. Online, Inc*., 129 F.3d 327, 330 (4th Cir. 1997); *see also Barnes v. Yahoo!, Inc*., 570 F.3d 1096, 1102 (9th Cir. 2009) ("publication involves reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content"); Mot. at 7-9.

Plaintiff does not dispute, and therefore concedes, that all of his claims seek to hold Facebook liable for its decisions regarding whether or not to host third-party content on its platform. Mot. at 7-9; *see also, e.g.,* Opp. at 7 ("the words that Plaintiff has used to describe being quote 'treated like a nigger' simply do not denote or connote hate speech as defined by Defendant itself in its Terms of Service and in its training and policy materials"). Nor does Plaintiff dispute

that these sorts of decisions fall squarely within the "exercise of traditional editorial functions." *Zeran*, 129 F.3d at 330; *Klayman*, 753 F.3d at 1359; *Barnes,* 570 F.3d at 1102.

Moreover, to the extent Plaintiff's opposition can be read to contend that Section 230(c)(1) does not apply here because Facebook has allegedly applied its Community Standards in a discriminatory manner (*see* Opp. at 4-5), Plaintiff is wrong. As explained in Facebook's opening brief, courts have repeatedly confirmed that there is no intent-based exception to Section 230(c)(1) immunity and have applied the immunity even in cases where the defendant was alleged to have acted for discriminatory reasons. *See* Mot. at 8-9; *see also, e.g., Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1095 (N.D. Cal. 2015) (holding that CDA barred Title II claim based on allegations that Facebook had engaged in "blatant discriminatory conduct by blocking Plaintiff's content in the entire India"; explaining that "removing content is something publishers do, and to impose liability on the basis of such conduct necessarily involves treating the liable party as a publisher"), *affirmed sub nom, Sikhs for Justice, Inc. v. Facebook, Inc.*, 697 F. App'x 526 (9th Cir. 2017); *see also, e.g., Levitt v. Yelp! Inc.*, 2011 WL 5079526, at *7-8 (N.D. Cal. Oct. 26, 2011) (holding that Section 230 (c)(1) does not include an intent exception and noting that "traditional editorial functions often include subjective judgments informed by political and financial considerations"; explaining further that "[d]etermining what motives are permissible and what are not could prove problematic" and that "permitting litigation and scrutiny motive could result in the 'death by ten thousand duck-bites' against which the Ninth Circuit cautioned in interpreting § 230(c)(1)"); *Ebeid*, 2019 WL 2059662, at *4 (holding that decisions by Facebook "to remove plaintiff's posts or restrict plaintiff's ability to publish new posts" were "publisher conduct" immunized by Section 230(c)(1); rejecting plaintiff's argument that the "claims allege discrimination and, therefore, do not seek to hold defendant liable as the publisher or speaker of the information at issue").

Plaintiff attempts to distinguish *Sikhs for Justice* on the purported basis that "[t]he 9th Circuit Affirmation speaks primarily to First Amendment claims and Plaintiff does not have one of those in play." Opp. at 4. Nonsense. The plaintiff in that case brought no First Amendment claim, and the Ninth Circuit affirmed the district court's dismissal without mentioning such a

1  claim. *See Sikhs for Justice, Inc.*, 697 F. App'x 526.[2]

2  Plaintiff relies primarily for his opposition on a 2010 law review article arguing that Section 230(c)(1) "should be interpreted in light of its language, which clearly sounds in defamation law" and asserting that "[c]ourts should almost never dismiss other claims, such as allegations under civil rights laws or breach of contract claims, on section 230 grounds, for they are much too far removed from the tort of defamation." Opp. at 5 (quoting David Lukmire, *Can the Courts Tame the Communications Decency Act?: The Reverberations of Zeran v. America Online*, 66 N.Y.U. Ann. Surv. Am. L. 371, 410 (2010)). But courts in the Ninth Circuit, and elsewhere, have held otherwise.

As this Court has observed, although "the prototypical cause of action seeking to treat an interactive computer service provider as a publisher or speaker is defamation . . . , 'the language of the statute does not limit its application to defamation cases.'" *Fields v. Twitter, Inc.*, 217 F. Supp. 3d 1116, 1121 (N.D. Cal. 2016) (Orrick, J.) (quoting *Barnes*, 570 F.3d. at 1101), *aff'd*, 881 F.3d 739 (9th Cir. 2018). To the contrary, the Ninth Circuit has repeatedly held that Section 230(c)(1) "establish[es] broad federal immunity to ***any cause of action*** that would make service providers liable for information originating with a third-party user of the service." *Perfect 10, Inc. v. CCBill LLC,* 481 F.3d 751, 767 (9th Cir. 2007) (emphasis added; internal citations omitted). Accordingly, "[c]ourts have applied section 230(c)(1) to a variety of claims," *Fields,* 217 F. Supp. 3d at 1121, including those sounding in contract and for violation of civil rights law. Mot. at 5-6 (citing cases); *see also, e.g., Caraccioli v. Facebook, Inc.,* 167 F. Supp. 3d 1056, 1064–66 (N.D. Cal. 2016) (breach of contract)*; Brittain v. Twitter, Inc.*, 2019 WL 2423375, at *1-4 (N.D. Cal. June 10, 2019) (breach of contract and promissory estoppel); *Lancaster,* 2016 WL 3648608, at *3, 5 (implied covenant of good faith and fair dealing); *Sikhs for Justice,* 144 F. Supp. 3d at 1095 (Title II discrimination claim); *Ebeid*, 2019 WL 2059662, at *2-5 (Title II discrimination and violation of California's Unruh Civil Rights Act); *Fields*, 200 F. Supp. 3d at 1116-1117 (Anti-

---

[2] Plaintiff's reliance on *Song fi Inc. v. Google, Inc.*, 108 F. Supp. 3d 876 (N.D. Cal. 2015), is misplaced. Opp. at 6-7. There, the court held that CDA Section (c)(2) did not bar the plaintiff's claims. *Song fi Inc.*, 108 F. Supp. 3d at 882-84. The court in that case did not even mention Section (c)(1), much less hold that application of Section (c)(1) requires a finding of objective good faith, as Plaintiff contends.

Terrorism Act). Likewise, courts have applied Section 230(c)(1) immunity to other claims like those asserted in this action, including claims for violation of California Business and Professions Code § 17200 and fraud. *See* Mot. at 5-6; *see also, e.g., Jurin v. Google, Inc.,* 695 F. Supp. 2d 1117, 1122–23 (E.D. Cal. 2010) (fraud); *Levitt*, 2011 WL 5079526, at *8-9 (§ 17200); *Brittain*, 2019 WL 2423375, at *1-4 (same).

In sum, Section 230(c)(1) of the CDA bars all of Plaintiffs' claims against Facebook.

**B.     The Complaint Fails to State Any Cause of Action Against Facebook**

Putting aside Facebook's immunity from suit under Section 230(c)(1), Plaintiff's allegations fail to state any plausible claim for relief for the additional reasons set forth below.

**Breach of Contract**

Plaintiff does not mention, much less rebut, the three deficiencies identified in Facebook's motion to dismiss, namely that (1) Facebook's removal of content cannot, as a matter of law, give rise to liability for breach of contract because its terms of use expressly give it the right to do so; (2) Facebook's terms of use create no affirmative obligations to users; and (3) Plaintiff has failed to allege any legally cognizable damages caused by the purported breach. Mot. at 10-11; *Caraccioli*, 167 F. Supp. 3d at 1063-64; *Ebeid*, 2019 WL 2059662, at *7-8; *Young v. Facebook, Inc.*, 2010 WL 4269304, at *3 n. 6 (N.D. Cal. Oct. 25, 2010). Accordingly, Plaintiff's breach of contract claim must be dismissed.

**Promissory Estoppel**

Plaintiff fails to address, and therefore concedes, that his claim for promissory estoppel is premised upon an alleged contractual commitment. Mot. at 11. As explained in Facebook's opening brief, Plaintiff cannot plausibly state a claim for promissory estoppel where he contends that a contract governs the subject matter. *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 275 (2011); *Horne v. Harley-Davidson, Inc.*, 660 F. Supp. 2d 1152, 1163 (C.D. Cal. 2009) ("Plaintiffs cannot state a cause of action for promissory estoppel because a valid contract, supported by consideration, governs the same subject matter as the alleged promise."); *Walker v. KFC Corp.*, 728 F.2d 1215, 1220 (9th Cir. 1984) ("Promissory estoppel is not a doctrine designed to give a party . . . a second bite at the apple in the event it fails to prove a breach of contract.").

1    Moreover, Plaintiff does not identify any promise made by Facebook, nor does he allege
2    that he justifiably relied on any such promise to his detriment. Mot. at 11. Accordingly, Plaintiff's
3    claim for promissory estopped fails as a matter of law and must be dismissed.

**42 U.S.C. § 1981**

As explained in Facebook's opening brief, Plaintiff's claim for violation of 42 U.S.C. § 1981 is barred by application of res judicata because he previously dismissed it **with prejudice**. Mot. at 11. Plaintiff's opposition fails to address that fatal defect. *See* Opp. at 8.

But even if Plaintiff's Section 1981 claim were not barred, as explained in Facebook's motion to dismiss, that claim fails as a matter of law because Plaintiff has failed to allege a violation of his right to make or enforce contracts, nor has he sufficiently alleged that Facebook intended to discriminate against him based on race. Mot. at 12-13. Plaintiff's opposition is based entirely on hearsay statements regarding Facebook's purported generalized racial bias. *See* Opp. at 8 ("Mark S. Luckie's commentary is very explicit and must be taken at full value and as such, black users are being denied the Benefit of the Bargain at Facebook."). But such conclusory assertions of generalized prejudice are insufficient as a matter of law to state a claim under 42 U.S.C. § 1981, as another district court has already held in dismissing a Section 1981 claim brought by Plaintiff. *See King v. Friends of Kelly Ayotte*, 860 F. Supp. 2d 118, 128 (D.N.H. 2012) ("Conclusory allegations of generalized racial bias do not establish discriminatory intent."); *id.* ("For Mr. King's claim to survive the motion to dismiss, 'the events of the intentional and purposeful discrimination, as well as the racial animus constituting the motivating factor for the defendant's actions must be specifically pleaded in the complaint.'").

**Fraud**

Plaintiff does not contest that the SAC fails to allege "the who, what, when, where, and how" for any of the required elements of fraud. Mot. at 13; *see also Lancaster*, 2016 WL 3648608, at *3 (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009)). Indeed, in his opposition, Plaintiff fails to identify any purported misrepresentation, nor does he point to factual allegations in the SAC demonstrating that he justifiably relied on any such misrepresentation. *See* Opp. at 8 (asserting without citation that "Facebook is promising

something to black users that it is intentionally not providing"). Plaintiff also does not contest that the SAC fails to "allege non-conclusory facts indicating [Facebook's purported] knowledge of falsity or intent to induce reliance." *Lancaster*, 2016 WL 3648608, at *4; Mot. at 13.

Moreover, as explained in Facebook's opening brief, Plaintiff has failed to plead any damages, much less that "the damages in question were the direct result of the misrepresentation in question." *Shahangian v. Bank of Am. Nat'l Ass'n*, 2015 WL 12696038, at *4 (C.D. Cal. Dec. 1, 2015); *Ebeid*, 2019 WL 2059662, at *8; Mot. at 13. Plaintiff asserts in his opposition that "Defendant is well aware that they had Plaintiff in Facebook jail when his mother passed from this Earth, and that they were denying him the right to talk about it with his 1,900 friends." Opp. at 8. But Plaintiff does not contend that he suffered any pecuniary harm as a result of his temporary suspension. And emotional distress damages, to the extent the SAC can be construed as seeking such damages, may be recovered in a fraud action only as an aggravation of economic damages. *See Williams v. Wraxall*, 33 Cal. App. 4th 120, 134 n. 12 (1995) ("damages for emotional distress may be recovered in fraud or deceit actions only as an aggravation of other damage"); *Nagy v. Nagy*, 210 Cal. App. 3d 1262, 1268–69 (Ct. App. 1989) ("Although damages for emotional distress can be recovered in a fraud cause of action, such damages have been allowed only as an aggravation of other damages."). Moreover, even if Plaintiff could assert a fraud claim based entirely on non-economic harm, he has failed to plead that any such harm was "the direct result" of any actionable misrepresentation. S*hahangian*, 2015 WL 12696038, at *4.

### Covenant of Good Faith and Fair Dealing

Plaintiff does not dispute that his claim for breach of the covenant of good faith and fair dealing is premised entirely on conduct—removing or blocking Plaintiff's content—that Facebook's terms of use expressly allow. *See* Mot. at 14. Accordingly, this claim fails as a matter of law, as explained in Facebook's motion to dismiss. *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1137 (9th Cir. 1998) ("a party cannot be held liable on a bad faith claim for doing what is expressly permitted in the agreement"); *Ebeid*, 2019 WL 2059662, at *8 (dismissing claim against Facebook for breach of the covenant of good faith and fair dealing because "Facebook had the contractual right to remove or disapprove any post or ad at Facebook's sole

discretion").

**California Business and Professions Code § 17200**

Plaintiff does not contest that the SAC fails to specify which of the three Section 17200 prongs (unlawful, unfair, or fraudulent) he contends Facebook has violated. *See* Opp. at 8. Accordingly, his Section 17200 claim must be dismissed for that reason alone. Mot. at 14; *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1199 (N.D. Cal. 2016); *Qureshi v. Countrywide Home Loans, Inc.*, 2010 WL 841669, at *7 (N.D. Cal. Mar. 10, 2010); *Olivera v. Am. Home Mortg. Servicing, Inc.,* 689 F. Supp. 2d 1218, 1225 (N.D. Cal. 2010).

Plaintiff's assertion in his opposition that "there is Fraud involved throughout this case" likewise fails to save his Section 17200 claim. Opp. at 8. As explained in Facebook's motion to dismiss, Plaintiff has failed to allege with the specificity required by Rule 9(b) any misrepresentation or omission, nor does he allege that any such misrepresentation or omission was likely to deceive members of the public. *See Berenblat v. Apple, Inc.*, 2010 WL 1460297, at *8 (N.D. Cal. Apr. 9, 2010); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) (Rule 9(b)'s heightened pleading requirement applies to § 17200 claims based on alleged fraud).

### III. CONCLUSION

For the foregoing reasons, as well as those set forth in Facebook's opening brief, the Court should dismiss Plaintiff's claims against Facebook with prejudice.

Dated: July 8, 2019                                    KEKER, VAN NEST & PETERS LLP

                                                       By: /s/ *William S. Hicks*
                                                           PAVEN MALHOTRA
                                                           MATAN SHACHAM
                                                           WILLIAM S. HICKS

                                                       Attorneys for Defendant Facebook, Inc.