UNITED STATES DISTRICT FEDERAL COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER KING, JD A/K/A KingCast,_ | ) ) | CASE NO. 19-CV-1987 |
| Plaintiff, | ) | |
| vs. | ) ) | JUDGE WILLIAM ORRICK |
| FACEBOOK, INC., | ) | |
| Defendant. | | |

**PLAINTIFF'S REQUEST FOR AUDIO ARCHIVE**

May it Please the Court: On research, information and belief there is no guarantee that the Oral Arguments in this case will be recorded and maintained at Pacer because Plaintiff could find only the general notion that "select cases" will be available. Given the nature of this very public issue and the many voices of reform that are being aired this case must be publicly available:

Plaintiff has reviewed filings from scores of related cases but none of those cases tests the limits of 47 USC §230 protections like the Case at Bar, with Facebook's own VP of Diversity specifically stating that Defendant practices racism at the campus and on the Platform – not to mention the 77 Civil Rights and Media groups who demanded a Civil Rights Audit and many trusted legal scholars pointing out the errors in analysis on legislative intent and the reach of the Act. And we have clear-cut violations of their own policies and contracts, with white users being able to refer to themselves as "cracker" while blacks cannot self-refer as "niggers."



1

Before me I have a copy of Common Sense. That will be come relevant momentarily. Now FB Modus Operandi in this case is to sully me. They tried it but failed. The cases they cited to, I won most of them. I've not been found to be a vexatious litigant or frivolous despite their best attempts to make me that way. They case they pointed to of KingCast v. McLeod has even been subject to scrutiny by legal experts in the field, and Plaintiff's voice was not heard and his arguments not recognized by the Court. That can't happen again and there's no reason for Facebook to fight the request because it believes so resolutely in its position it should want the audio of this proceeding made public. That's just common sense. From KingCast v. McLeod.:

> However, he questioned Frydman's choice to cite the 2008 Grafton County Superior Court case of KingCast.net, Christopher King v. Norelli, Rep. Martha McLeod, Franconia Police Chief Mark Montminy and Attorney General Kelly Ayotte.
>
> King had petitioned Norelli and McLeod to turn over e-mails they received concerning House Bill 1428, which sought to rename part of Interstate 93 after Bruce McKay, a Franconia Police corporal who was fatally shot in 2007. He also sought information from Ayotte and Montminy concerning the shooting and McKay.
>
> Grafton County Superior Court Judge Timothy J. Vaughn dismissed King's complaints. The judge said the law does not require individual legislators or government officials to personally make documents available and that such e-mails are not "governmental records."
>
> "... the question is whether e-mails involving individual legislators were created or received 'on behalf of' a public body," Gagliuso wrote in his e-mail. "It seems to me that this determination may require a review of the particular e-mails in question, and it is not clear that the Court in the King case undertook that kind of review."
> https://www.fosters.com/article/20090412/gjnews_01/704129849

Everyone by now knows that Facebook enjoys way too much power in our society. The question is, how do we address it without engaging in unlawful Judicial Activism. Fortunately my filings carry more of a prospective resolution than any other filings I have read.

First of all I need to address the pending Request for Judicial Notice relative to the shocking USA Today feature that specifically cited racially-based Censorship as a matter of compelling National Interest.

Until we can recognize that, and the power that Facebook has as the World's largest public forum, we cannot make a fair analysis of Congressional Intent and its application to the facts in the case at Bar.

2

As IBM's Director of Public Policy noted

> "A measure designed nearly a quarter-century ago to foster an infant internet needs to keep pace with the enormous social, economic, and even political power that the online world today commands," Hagemann wrote.

So we turn to the role of Common sense and the first rule of Statutory Construction: Congress did not intend an absurd result. Watching Wimbledon, I imagine many of us here play tennis. After a good match we would ordinarily fire up a beer or two and talk about how much corruption and power FB has.

And we would sit back and say in the proverbial sense, "The Law is an ass." And we would say that because Facebook's own terms and conditions clearly provide that I can self-referentially refer to myself as a nigger when used in an empowering way, and gosh knows that is exactly what I was doing on the Platform and I am not estopped from bringing the 42 USC §1981 Claim just because I dismissed it with Prejudice in a State Proceeding.

That is wishful thinking by a Defendant whose own Director of Diversity Mark Luckie said that blacks are discriminated against at the campus and on the Platform. Let's think about this: We are in a Motion to Dismiss stage and between the observations of VP Luckie and the USA Today alone are enough to provide a rebuttable presumption as to racism that must go to a Discovery Stage. As I noted in the filings with respect to Burdine or McDonnell-Douglas it's not as if we expect to find a post-it note in Mark Zuckerberg's desk that says "we will discriminate against blacks who challenge our authority or who complain about racism."

As to the Censorship Defendant falsely claims that all I have is a law review article by some lawyer. That lawyer of course is their own Amicus Counsel and highly-respected in the Industry.

Not only that, let's see who else concurs:

First of all the Darnaa Court concurs when it notes that we need to look into this issue on a contractual level. It's clear that the issues countenanced in this case have noting to do with the original intent of the Statute.

> Again, *Darnaa, LLC v. Google, Inc. Case No. 15-cv-03221-RMW (N.D. Cal 2016)* Plaintiff's claim for breach of the implied covenant of good faith and fair dealing, however, is not precluded by § 230(c)(1) because it seeks to hold defendants liable for breach of defendants' good faith contractual obligation to plaintiff, rather than defendants' publisher status. Even though the claim is based on the same factual allegations as plaintiff's intentional interference claim, the source of defendants' alleged liability is different.

As noted, IBM concurs

And of course FB Amicus counsel David Lukmire concurs when he said the Statute should almost never be used to eclipse Contractual or Civil Rights Claims.

Up in Seattle Attorney JP Dyer concurs and demands a Good Faith application when it comes to application of the DCA.

Hastings Law Review concurs and Hastings is right down the street here in the 9th Circuit.

77 Civil Rights and media groups including the Center for Media Justice concur; that's why they demanded the Civil Rights Audit that is still not completed.

Legislators left and right concur, with Lindsey Graham noting that Facebook is a monopolistic empire and that was their intent *ab initio* when the first FB Policy Director said they were creating a Nation State.

Facebook's own VP of Diversity said Facebook practices racism in the workplace and on the Platform with specific reference to content moderation and censorship so that must be flushed out in Discovery.

I'll save the Best for Last: FB co-founder Chris Hedges concurs and claims that FB threatens our Democracy.

CONCLUSION

This case must be available as an oral archive. The DCA has incorrectly trumped basic Civil Rights Law in the face of 77 Civil Rights groups demanding a FB audit that is still not completed mind you. So the Defendant's Defense boils down not so much to Stare Decisis and Precedent, but to "King is a legal miscreant and the Courts should keep on making the same mistake because it benefits our client's financial interests. If the Court agrees with this Notion then so be it, but there is absolutely no shame in my game.

The shame belongs to Facebook and the lack of Common Sense that has allowed the Overexpansion of the DCA as noted in the Hastings law review.

The legislature did not intend to have a company with as much power as Facebook has to deny fair application of the terms and conditions of their own Contract because then the purported Contract would be merely illusory and that makes no common sense.  This way Facebook may continue to mistreat people and thumb its nose at any notion of accountability. My mother Betty King told me 20 years ago to get a  blog, when almost nobody was blogging.

## KingCast Tribute Momma Said Son You Need to Get a Blog
https://www.youtube.com/watch?v=IYdgFL28WNI



    She was quite prescient. This case is dedicated to her as I was wrongfully placed in Facebook Jail when she left our physical realm but her Spirit and prescience are carried through me. I am just a vessel of it. Things are changing your Honor, and you have the unique opportunity to be part of the Voice that says we will no longer tolerate this type of abuse on the World's largest public forum.

Respectfully submitted,

_____
CHRISTOPHER KING, J.D.

5

CERTIFICATE OF SERVICE

I the undersigned swear that a true and accurate copy of the foregoing was submitted to ECF
And was delivered via email to Counsel for Defendant at:

Keker Van Nest & Peters,

PAVEN MALHOTRA - # 258429
pmalhotra@keker.com

MATAN SHACHAM - # 262348
mshacham@keker.com

WILLIAM S. HICKS - # 256095
whicks@keker.com

this 15th Day of July 2019

_____
CHRISTOPHER KING, J.D.