KEKER, VAN NEST & PETERS LLP
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
MATAN SHACHAM - # 262348
mshacham@keker.com
WILLIAM S. HICKS - # 256095
whicks@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant Facebook, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER KING, JD A/K/A KingCast,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FACEBOOK, INC.,<br><br>　　　　　Defendant. | Case No. 3:19-cv-01987-WHO<br><br>**STIPULATION AND [PROPOSED] ORDER CONTINUING INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Judge:　　Hon. William H. Orrick, Jr.<br><br>Date Filed: April 12, 2019<br><br>Trial Date: Not Set |

1    Plaintiff Christopher King[1] and Defendant Facebook, Inc. ("Facebook") hereby stipulate
2    as follows:
3    WHEREAS, on May 22, 2019, the Court granted the parties' Stipulated Order Regarding
4    Limited Expedited Discovery and Stay of Further Discovery Pending Resolution of Motion to
5    Dismiss (Dkt. No. 18);
6    WHEREAS, the Court's May 22, 2019 Order continued the initial Case Management
7    Conference to September 3, 2019 (*id.*);
8    WHEREAS, on June 11, 2019, Facebook filed a motion to dismiss all of Plaintiff's claims
9    against Facebook (Dkt. No. 20);
10   WHEREAS, the Court has not yet issued an Order on Facebook's motion to dismiss;
11   WHEREAS, pursuant to the Court's May 22, 2019 Order, Plaintiff may not seek further
12   discovery before resolution of Facebook's motion to dismiss[2];
13   WHEREAS, if it pleases the Court, the parties wish to continue the Initial Case
14   Management Conference until 30 days after the Court has ruled on Facebook's motion to dismiss.
15
16   NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED that:
17   (1)   The initial Case Management Conference currently scheduled for September 3,
18   2019 is continued;
19   (2)   The Court will set a new date for the initial Case Management Conference after
20   issuing an order on Facebook's motion to dismiss.
21   ///
22
23   ///
24

---

[1] At Plaintiff's request, attached as Exhibit A is an email exchange between the parties relating to this stipulation.

[2] Pursuant to the May 22, 2019 Order, Plaintiff was permitted to serve a document request limited to the categories of information set forth in 18 USC § 2703(c)(2) in support of his defamation claim against the Doe defendant(s) named in his Second Amended Complaint.

1
STIPULATION AND [PROPOSED] ORDER
Case No. 3:19-cv-01987-WHO

Dated: August 15, 2019

By:   */s/ William S. Hicks*
      WILLIAM S. HICKS (SBN 256095)
      KEKER, VAN NEST & PETERS LLP

Attorneys for Defendant Facebook, Inc.

Dated: August 15, 2019

By:   */s/ Christopher King (with permission)*
      Pro se Plaintiff

**FILER'S ATTESTATION**

    I, William S. Hicks, am the ECF user whose identification and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories of this document have concurred in this filing.

        */s/ William S. Hicks*

**PROPOSED ORDER**

This cause having come before the Court on the parties' August 14, 2019 Stipulation Continuing Case Management Conference, the Court hereby endorses the parties' Stipulation as follows: (1) The initial Case Management Conference currently scheduled for September 3, 2019 is continued; (2) The Court will set a new date for the initial Case Management Conference after issuing an order on Facebook's motion to dismiss.

**IT IS SO ORDERED**.

Dated:  August ___, 2019

William H. Orrick, Jr.
United States District Judge

# Exhibit A

Re: KingCast v. Facebook CMC

Sue Facebook <suefacebook007@gmail.com>
Wed 8/14/2019 8:29 PM

**To:** William S. Hicks <WHicks@keker.com>
**Cc:** Matan Shacham <MShacham@keker.com>; Paven Malhotra <PMalhotra@keker.com>

OK I just meant esignature anyway
C

On Wed, Aug 14, 2019 at 6:11 PM William S. Hicks <WHicks@keker.com> wrote:
> Great. No need to sign with pen. I can e-sign for you when I file.
>
> On Aug 14, 2019, at 6:07 PM, Sue Facebook <suefacebook007@gmail.com> wrote:
>
>> Good Enough then I'll sign tonight
>> C
>>
>> On Wed, Aug 14, 2019 at 5:59 PM William S. Hicks <WHicks@keker.com> wrote:
>>> Why don't we take out your sentence and attach this thread to the stip?
>>>
>>> On Aug 14, 2019, at 5:41 PM, Sue Facebook <suefacebook007@gmail.com> wrote:
>>>
>>>> If you are honestly telling me that you don't see an invitation to bargain right there then do what you have to do, and I'll do what I have to do.
>>>>
>>>> I will include the relevant emails.
>>>>
>>>> C
>>>>
>>>> On Wed, Aug 14, 2019 at 5:36 PM William S. Hicks <WHicks@keker.com> wrote:
>>>>> Please confirm that you won't agree to the stip without that language. If that's your position, I'll move.
>>>>>
>>>>> On Aug 14, 2019, at 5:33 PM, Sue Facebook <suefacebook007@gmail.com> wrote:
>>>>>
>>>>>> The Hell it isn't.
>>>>>>
>>>>>> I articulated an option for your client to even begin to consider. The fact that I didn't put a number on it is completely irrelevant. You want me to put a number on it now?
>>>>>>
>>>>>> Because I will.
>>>>>>
>>>>>> C
>>>>>>
>>>>>> On Wed, Aug 14, 2019 at 5:31 PM William S. Hicks <WHicks@keker.com> wrote:
>>>>>>> This is not a settlement inquiry. I'm not including that statement in the stipulation. If you insist, I'll file an opposed motion to continue the CMC tomorrow.
>>>>>>>
>>>>>>> On Aug 14, 2019, at 5:27 PM, Sue Facebook <suefacebook007@gmail.com> wrote:
>>>>>>>
>>>>>>>> It is not irrelevant. ADR contemplates Settlement. That's kind of the Point.
>>>>>>>>
>>>>>>>> **Sue Facebook** <suefacebook007@gmail.com>   Mon, Aug 12, 7:00 PM (2 days ago)
>>>>>>>> to William, Paven, Matan
>>>>>>>>
>>>>>>>> Now of course in the alternative your client could just cut me a check for their portion and make me stop talking about this fiasco and not make a real movie about it later, but nah.... I get the feeling they want to try to crush me too bad for any of that.
>>>>>>>>
>>>>>>>> So they roll the dice. They can suit themselves, so to speak.
>>>>>>>>
>>>>>>>> C
>>>>>>>>
>>>>>>>> On Wed, Aug 14, 2019 at 5:25 PM William S. Hicks <WHicks@keker.com> wrote:
>>>>>>>>> What was the settlement inquiry and why do you think this statement belongs in this stipulation?  It's completely irrelevant.
>>>>>>>>>
>>>>>>>>> On Aug 14, 2019, at 5:20 PM, Sue Facebook <suefacebook007@gmail.com> wrote:
>>>>>>>>>
>>>>>>>>>> I sent in email form and word.
>>>>>>>>>>
>>>>>>>>>> Same as before but at the end I added:
>>>>>>>>>>
>>>>>>>>>> [Plaintiff did make inquiry into the possibility of Settlement for Defendant Facebook however Facebook maintains its position that it is not subject to any Civil liability].

.... which is accurate.

C

On Wed, Aug 14, 2019 at 5:17 PM William S. Hicks <WHicks@keker.com> wrote:
Did you send a redline?  I'm traveling and my phone won't open whatever you sent.

On Aug 14, 2019, at 4:47 PM, Sue Facebook <suefacebook007@gmail.com> wrote:

> Alrighty then, my apologies for the delay.
>
> I have one revision, which I believe accurately reflects the posture of the Parties. It is at the end.
>
> C
>
> First of all, on the Merits I do not believe that Facebook is going to walk away from this clean. We were all at the same Hearing and we all know the areas of concern that the Court heard and is deliberating on: Your client cannot possibly avail itself of a content-based defense when they allow one blog but not the other, with the same exact content.
>
> And that shadows all of their treatment of me.
>
> Second, as to the Rule 26 Expedited matters in which your client claims they can only identify one of the three User Accounts, I have discussed this with an industry professional who develops apps for the Apple Store. Thus, from my new app & web developer:
>
> "That's bullshit. If you delete an account they can go right back and activate it. That's because they keep records."
>
> "They can identify any of their users from their IP Addresses. Even if the abuser bought a VPN they could probably track it."
>
> In short, I am not agreeing to the continuance for any reason to do with your client. I am doing it solely to allow the Court to focus on the Merits during this time.
>
> [Plaintiff did make inquiry into the possibility of Settlement for Defendant Facebook however Facebook maintains its position that it is not subject to any Civil liability].
>
> Very Truly Yours,
> Christopher King, J.D.
>
> On Wed, Aug 14, 2019 at 3:59 PM Sue Facebook <suefacebook007@gmail.com> wrote:
>> No, I didn't see that.
>> I'll get back at you shortly then thank you.
>>
>> C
>>
>> On Wed, Aug 14, 2019 at 2:34 PM William S. Hicks <WHicks@keker.com> wrote:
>>> You must have missed the footnote indicating that the email is attached as Exhibit A. Did you have some other concern?
>>>
>>> On Aug 14, 2019, at 2:27 PM, Sue Facebook <suefacebook007@gmail.com> wrote:
>>>
>>>> That is completely unacceptable for reasons clearly previously stated.
>>>>
>>>> So then first of all the email goes in or there's no deal.
>>>>
>>>> I'm busy inspecting a Porsche right now but I brought my computer so I will respond around 4p.
>>>>
>>>> C
>>>>
>>>> On Wed, Aug 14, 2019 at 1:43 PM William S. Hicks <WHicks@keker.com> wrote:
>>>>> Here's a draft.  Let me know if you have any proposed edits.

Bill

**From:** Sue Facebook [mailto:suefacebook007@gmail.com]
**Sent:** Tuesday, August 13, 2019 5:08 PM
**To:** William S. Hicks <WHicks@keker.com>
**Cc:** Matan Shacham <MShacham@keker.com>; Paven Malhotra <PMalhotra@keker.com>
**Subject:** Re: KingCast v. Facebook CMC

Ok, thanks.

C

On Tue, Aug 13, 2019 at 2:32 PM William S. Hicks <WHicks@keker.com> wrote:

> Probably tomorrow.
>
> Bill
>
> **From:** Sue Facebook [mailto:suefacebook007@gmail.com]
> **Sent:** Tuesday, August 13, 2019 2:31 PM
> **To:** William S. Hicks <WHicks@keker.com>
> **Cc:** Matan Shacham <MShacham@keker.com>; Paven Malhotra <PMalhotra@keker.com>
> **Subject:** Re: KingCast v. Facebook CMC
>
> Am I looking for this later today or sometime tomorrow?
>
> C
>
> On Tue, Aug 13, 2019 at 10:58 AM Sue Facebook <suefacebook007@gmail.com> wrote:
>
>> Great, thank you.
>>
>> C
>>
>> On Tue, Aug 13, 2019 at 10:53 AM William S. Hicks <WHicks@keker.com> wrote:
>>
>>> I'll prepare a stip.
>>>
>>> Bill
>>>
>>> **From:** Sue Facebook [mailto:suefacebook007@gmail.com]
>>> **Sent:** Tuesday, August 13, 2019 10:25 AM
>>> **To:** William S. Hicks <WHicks@keker.com>
>>> **Cc:** Matan Shacham <MShacham@keker.com>; Paven Malhotra <PMalhotra@keker.com>
>>> **Subject:** Re: KingCast v. Facebook CMC

Dear Counsellors,

I am still not inclined to agree to punt the CMC but I will do so with the following Stipulation that you share this email with the Court as my response.

First of all, on the Merits I do not believe that Facebook is going to walk away from this clean. We were all at the same Hearing and we all know the areas of concern that the Court heard and is deliberating on: Your client cannot possibly avail itself of a content-based defense when they allow one blog but not the other, with the same exact content.

And that shadows all of their treatment of me.

Second, as to the Rule 26 Expedited matters in which your client claims they can only identify one of the three User Accounts, I have discussed this with an industry professional who develops apps for the Apple Store. Thus, from my new app & web developer:

"That's bullshit. If you delete an account they can go right back and activate it. That's because they keep records."

"They can identify any of their users from their IP Addresses. Even if the abuser bought a VPN they could probably track it."

In short, I am not agreeing to the continuance for any reason to do with your client. I am doing it solely to allow the Court to focus on the Merits during this time.

Very Truly Yours,

Christopher King, J.D.

On Tue, Aug 13, 2019 at 9:33 AM Sue Facebook <suefacebook007@gmail.com> wrote:

> OK so within that, I don't believe that I provided the "specific identification" or URL for any of them. So what then, allows them to find the information for Lisa Marie but not the others?
>
> I'll be conferring with my expert momentarily and look for your response.
>
> C
>
> On Tue, Aug 13, 2019 at 8:21 AM William S. Hicks <WHicks@keker.com> wrote:

As I've said previously, Facebook requires a specific identification of the user (URL, for instance) so it can identify the account at issue. Although your discovery request does not provide that information, Facebook nevertheless agreed to conduct a reasonably diligent search based on the information provided. My understanding is that Lisa Marie was identified and provided notice; Troy Frasier has been deleted and no BSI is available; and Facebook User could not be identified.

**From:** Sue Facebook [mailto:suefacebook007@gmail.com]
**Sent:** Tuesday, August 13, 2019 8:10 AM
**To:** William S. Hicks <WHicks@keker.com>
**Cc:** Matan Shacham <MShacham@keker.com>; Paven Malhotra <PMalhotra@keker.com>
**Subject:** Re: KingCast v. Facebook CMC

From my earlier email:

2. I am still not absolutely clear on which account(s) have been identified and why the one(s) that were not identified were not identified. I am trying to avoid a Motion to Compel but before I waive any of that I'll need substantially greater clarification as to the Due Diligence employed and the results.

Thank you.

C

On Tue, Aug 13, 2019 at 8:08 AM William S. Hicks <WHicks@keker.com> wrote:

> Facebook is complying with its discovery obligations. If you have additional questions that you believe I haven't answered, let know.
>
> Bill
>
> **From:** Sue Facebook [mailto:suefacebook007@gmail.com]
> **Sent:** Tuesday, August 13, 2019 7:37 AM
> **To:** William S. Hicks <WHicks@keker.com>
> **Cc:** Matan Shacham <MShacham@keker.com>; Paven Malhotra <PMalhotra@keker.com>
> **Subject:** Re: KingCast v. Facebook CMC
>
> Also,

> I am quite glad to realize I can later move to compel on the Expedited Discovery but why is that even necessary?
>
> Why can't your client, in the interest of good faith, respond to my reasonable inquiry?
>
> C
>
> On Mon, Aug 12, 2019 at 8:22 PM Sue Facebook <[suefacebook007@gmail.com](suefacebook007@gmail.com)> wrote:
>
>> Obviously the Court is busy. I'm also quite certain His Honor is taking a long, hard look at this one.
>>
>> Just my $.02 but what do I know I've only defeated Kelly Ayotte on 3/4 of the cases in which we tangled. 😎
>>
>> On Mon, Aug 12, 2019 at 8:18 PM Sue Facebook <[suefacebook007@gmail.com](suefacebook007@gmail.com)> wrote:
>>
>>> Well first of all the nature of the Hearing indicates to me that Facebook may indeed face liability.
>>>
>>> Notwithstanding that why cannot your client provide me clear concise answers to my questions regarding the user accounts of the jackass(es) who have been haunting my women and me for the past four (4) years?
>>>
>>> C
>>>
>>> On Mon, Aug 12, 2019 at 7:06 PM William S. Hicks <[WHicks@keker.com](WHicks@keker.com)> wrote:
>>>
>>>> Your objections to continuing the CMC make no sense.  In our last stipulation, we said that the parties would like to postpone the CMC until after resolution of the motion to dismiss.  We're still waiting for resolution of the motion to dismiss, and no discovery can be taken in the meanwhile.  Pushing off the CMC would not prejudice your ability to later move to compel on your expedited request.  So I see no point in forcing the parties and the Court to go through this exercise.

In any event, I understand by your email that you will oppose Facebook's motion. If that not's correct, please let me know by noon tomorrow. Thanks.

Bill

**From:** Sue Facebook [mailto:suefacebook007@gmail.com]
**Sent:** Monday, August 12, 2019 7:01 PM
**To:** William S. Hicks <WHicks@keker.com>
**Cc:** Paven Malhotra <PMalhotra@keker.com>; Matan Shacham <MShacham@keker.com>
**Subject:** Re: KingCast v. Facebook CMC

Now of course in the alternative your client could just cut me a check for their portion and make me stop talking about this fiasco and not make a real movie about it later, but nah.... I get the feeling they want to try to crush me too bad for any of that.

So they roll the dice. They can suit themselves, so to speak.

C

On Mon, Aug 12, 2019 at 8:19 AM Sue Facebook <suefacebook007@gmail.com> wrote:

> Good Monday Counselors,
>
> After a weekend of reflection I am not so certain I want to punt the CMC again. Here's why:
>
> 1.      I'm not so sure you are going to get a total victory on the Merits.
>
> 2.I am still not absolutely clear on which account(s) have been identified and why the one(s) that were not identified were not identified. I am trying to avoid a Motion to Compel but before I waive any of that I'll need substantially greater

> > clarification as to the Due Diligence employed and the results
> >
> > If you end up seeking Relief under L.R. 16 feel free to include this correspondence.
> >
> > Best regards,
> >
> > C
>
> On Fri, Aug 9, 2019 at 1:37 PM Sue Facebook <suefacebook007@gmail.com> wrote:
>
> > Ahhh, yes I see it now Document 18.
> >
> > I will probably agree. I will let you know on Monday for sure.
> >
> > Enjoy the weekend.
> >
> > C
> >
> > On Fri, Aug 9, 2019 at 12:29 PM William S. Hicks <WHicks@keker.com> wrote:
> >
> > > In granting our earlier stip, the Court continued the initial CMC to September 3—see last page of the attached.
> > >
> > > As I mentioned in an email earlier this week, our position is that the CMC should be pushed back given the pending motion to dismiss.  If you concur, I'll put together a stip.  Please advise.
> > >
> > > Bill
> > >
> > > **From:** Sue Facebook [mailto:suefacebook007@gmail.com]
> > > **Sent:** Friday, August 09, 2019 12:25 PM
> > > **To:** William S. Hicks; Paven Malhotra; Matan Shacham
> > > **Subject:** KingCast v. Facebook CMC

Good Afternoon Counselors,

I admittedly lost track of the CMC after we kicked it back from the initial July 16 date.

And I can't figure it out from reading Pacer either.

What is the current status and where is it noted?

Thank you.

C

<KingCast_Facebook Stip>