UNITED STATES DISTRICT FEDERAL COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER KING, JD<br>A/K/A KingCast,_<br><br>Plaintiff,<br><br>vs.<br><br>FACEBOOK, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 19-CV-1987<br><br>JUDGE WILLIAM ORRICK |

### NEWLY-DISCOVERED AUTHORITY
### SECOND SUPPLEMENTAL POST HEARING UPDATE
### OF CHRISTOPHER KING, J.D.
### IN OPPOSITION TO DEFENDANT'S 12(b)(6) MOTION TO DISMISS

May it Please the Court, on researching matters for a soon-to-be pending Motion to Compel, Plaintiff discovered new Law from His Honor's Bench that may be instructive in this case. As such, Plaintiff respectfully asks Leave of Court to issue one last pertinent and short update to the last Supplemental Post-Hearing Update because he has become aware of an extremely related Opinion in Wadler et al v. Custard Insurance Adjusters, Inc, 17-CV-05840 (11 April 2018), Fees awarded five (5) days after Oral Argument in the case at bar, or 22 July 2019. The case involved clickwrap or adhesion-clause abuse in an unequal arms-length situation. Mark Zuckerberg alone is worth $85B.  Plaintiff is worth approximately $30,000.00 at the moment, or .0000003529% of that. From Wadler:

> Procedural unconscionability occurs where a contract or clause involves oppression, consisting of a lack of negotiation and meaningful choice, or surprise, such as where the term at issue is hidden within a wordy document. Id. "California law treats contracts of adhesion, or at least terms over which a party of lesser bargaining power had no opportunity to negotiate, as procedurally unconscionable to at least some degree." Bridge Fund Capital Corp. v. Fastbucks Franchise Corp., 622 F.3d 996, 1004 (9th Cir. 2010).
>
> Substantive unconscionability occurs where the provision at issue "reallocates risks in an objectively unreasonable or unexpected manner." Lhotka, 181 Cal. App. 4th at 821 (citation omitted). "Substantive unconscionability focuses on the one-sidedness or overly harsh effect of the contract term or clause." Id. at 824–25 (citation omitted).

This is crucial to the case at Bar because His Honor inquired of Plaintiff in the closing moments of the Argument whether he could couch his arguments in a manner that would cut against rote application of 47 §USC 230(1):

1

**THE COURT:** Yeah. So I hear that argument, but I'm asking a much narrower question, which is: Are there facts arising from the way that Facebook treated you that you can -- that are -- that you can allege that are in addition to what you've already alleged, that would address the -- the problem that I see with 230(c)(1). (Tr, 11).

As such, the Plaintiff's position is thoroughly supported by Wadler and of course by Attorneys David P. Lukmire (FB Amicus Counsel, Seattle Attorney J.P. Dyer, and IBM Policy wonk Ryan Hageman, not to mention the local Seattle Scientist "JR" who wrote the Court and opposing Counsel sua sponte last week…. On the same day that Plaintiff discovered Facebook had lifted the ban on his "howtosuefacebook" journal.

To wit:



J.S.C. §1981 Claim again, along with the David Lukmire Learned Treatise:

> The case for restricting the subject matter of section 230 immunity is equally strong...... **One thing is for certain: unless courts narrow their interpretations of section 230, deserving plaintiffs will be without redress.** As discussed, the statute should be interpreted in light of its language, which clearly sounds in defamation law. Allowing certain claims that are close to textbook defamation will help clear up whether the plaintiff has artfully pleaded garden variety tort claims in order to evade the proper boundaries of section 230. **Courts should almost never dismiss other claims, such as allegations under civil rights laws or breach of contract claims, on section 230 grounds, for they are much too far removed from the tort of defamation.** If those claims are meritless, they should be dismissed on the merits instead of by application of the statute. See also The Overexpansion of the Communications Decency Act Safe Harbor Hastings Note Vol 35 #3, January 1, 2013 by Joey Ou.....

https://howtosuefacebook.blogspot.com/2019/08/seattle-area-scientist-reviews-kingcast.html

[Edited to protect public identity]

>Dear Court and Counsel: I am a Seattle-based scientist working on noninvasive molecular diagnostics for cancer. I have been following the 2019 case of King v. Facebook -- number 1987 -- and am writing to express my opinion, as it seems very timely and important. As I understand it, unlike a majority of companies in America, Facebook is currently empowered to violate its own contracts and terms of service with its users at its sole discretion, while enjoying significant immunity from law suits intended to seek redress.
>
>In 2019, Facebook is one of the largest and most powerful companies ever to exist, and its capacity to wield influence is enormous. Allowing it to continue to receive the special protections that were granted in the 1990's by the Communications Decency Act (CDA) when the internet was a fledgling industry, in the face of arguments like that of Mr. King, seems to be an indefensible position. That Mr. King's postings on the Facebook platform have been selectively removed only when titled "How to Sue Facebook," however tasteful or not, resembles retaliation, seems like censorship of his First Amendment rights, and is not supported by Facebook's own terms of service.
>
>It sets a bad precedent to leave Facebook's broad immunity under the CDA the in-tact, and I urge you to consider revoking it.

3

CONCLUSION

Plaintiff noted (Tr. 7-8)

So at this point, we come back from Facebook's comment. In sum, if you look at a thing like their hate speech guidelines, I clearly have not violated them. Anyone can see that.

But, if Facebook gets to put out this type of purported contract, and laugh at all of us while making billions off of our backs, what we have here is a completely illusory contract. And we have to go back to basic terms of statutory construction that you learned in law school. Congress did not intend for an absurd result to occur. But it's absurd what's been going on here.

The time has come for the prophylactic protections of the CDA §230 to be lifted, at least under the Facts of this specific case. It is a measure whose time has come – and gone – in a case such as this one.

Respectfully submitted,

_____
Christopher King, J.D.


CERTIFICATE OF SERVICE

I the undersigned swear that a true and accurate copy of this Update
was submitted to ECF
And was delivered via email to Counsel for Defendant at:

Keker Van Nest & Peters,

PAVEN MALHOTRA - # 258429
pmalhotra@keker.com

MATAN SHACHAM - # 262348
mshacham@keker.com

WILLIAM S. HICKS - # 256095
whicks@keker.com

this 24th Day of August 2019

_____
CHRISTOPHER KING, J.D.

4