KEKER, VAN NEST & PETERS LLP
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
MATAN SHACHAM - # 262348
mshacham@keker.com
WILLIAM S. HICKS - # 256095
whicks@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant Facebook, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| CHRISTOPHER KING, JD<br>A/K/A KingCast,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., et al.<br><br>Defendants. | Case No. 3:19-cv-01987-WHO<br><br>**DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION, MOTION TO DISMISS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:     December 11, 2019<br>Time:     2 p.m.<br>Judge:    Hon. William H. Orrick, Jr.<br>Dept.:    Courtroom 2<br><br>Date Filed: April 12, 2019<br><br>Trial Date: Not Set |
|---|---|

**NOTICE OF MOTION AND MOTION**

Notice is hereby given to Plaintiff Christopher King that Defendant Facebook, Inc. ("Facebook") hereby moves the Court to dismiss claims 1-2 in the Third Amended Complaint (Dkt. No. 47) pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion is noticed for hearing on December 11, 2019 at 2 p.m., in Courtroom 2, 450 Golden Gate Avenue, San Francisco, CA 94102.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In its September 5, 2019 Order granting Facebook's motion to dismiss (Dkt. No. 44), the Court gave Plaintiff "limited leave" to "expressly allege" a viable claim for retaliatory breach of Facebook's terms of service. Plaintiff subsequently filed an amended complaint that asserts a claim for retaliatory breach and also purports to assert a cause of action for alleged violations of the First Amendment of the U.S. Constitution. The Court should dismiss both claims with prejudice.

Plaintiff's retaliatory breach claim is legally deficient, among other reasons, because Plaintiff has failed to identify the provision that he claims has been breached, failed to sufficiently allege the particular conduct that he contends constitutes breach, and failed to allege any damages caused by the purported breach. Plaintiff's purported First Amendment claim contravenes the Court's September 5 Order—and even if that were not so, that claim fails on the merits because Facebook is not a state actor, as numerous courts have held.

Accordingly, the action against Facebook should be dismissed without leave to amend.[1]

**II.   BACKGROUND**

Plaintiff filed his complaint in this case on April 12, 2019 after a similar case based on similar allegations was dismissed in King County Superior Court (Seattle, Washington). Dkt. No.

---

[1] Plaintiff readily concedes that "[w]hether or not [Facebook] prevail[s] on First Amendment and Retaliatory Breach of Contract in the Instant Sense in the case at bar is not really my End Game." Hicks Decl., Ex. A. Having failed to "resolve things through extrajudicial settlement" (Dkt. No. 47 at 1), Plaintiff now "guarantee[s] . . . billable hours for the next several years on my cases." *Id*.

44 at 3.[2] Subsequently, Plaintiff filed a First Amended Complaint on April 22, 2019 (Dkt. No. 5), a Second Amended Complaint ("SAC") on May 23, 2019 (Dkt. No. 19), and a motion for preliminary injunction (Dkt. No. 6) that Plaintiff withdrew after it was fully briefed.

On September 5, 2019, the Court granted Facebook's motion to dismiss the SAC, holding that "each of King's claims against Facebook [sought] to hold it liable as a publisher for either removing his posts, blocking his content, or suspending his accounts." Dkt. No. 44 at 5. Because "[t]hese types of acts are barred by the immunity provided under Section 230 of the CDA," the Court dismissed with prejudice all six claims then-pending against Facebook.[3] *Id*. at 8. However, the Court granted Plaintiff "***limited leave*** to amend to expressly allege a claim for retaliatory breach of the ToS based on the treatment of his speech that is critical of Facebook." *Id*. at 8 (emphasis added).

Plaintiff filed his Third Amended Complaint ("TAC") on September 25, 2019. Dkt. No. 47. The TAC asserts a claim against Facebook for "Retaliatory Breach of Contract in violation of California's Covenant of Good Faith and Fair Dealing." TAC at 15 (claim 1). In addition, the TAC purports to assert a second claim for "Unlawful Cancelling of, and Chilling of Free Speech Rights as contrary to the First Amendment of the United States Constitution." *Id*.

The factual basis for both claims appears to be that Facebook purportedly "picks and chooses which viewpoints it will allow on its vaunted platform and willfully and intentionally failed to provide meaningful review of posts written by Plaintiff and otherwise retaliated against him once it became known that he is an outspoken advocate against the corporate behemoth." TAC, ¶ 9. In particular, Plaintiff alleges that "[o]ver the Course of the past year Facebook has been continually putting [him] in Facebook Jail for alleged violations of their Hate Speech policy" even though "any objective review of the policy clearly holds that Plaintiff has not violated the Hate Speech policy by referring to himself and other black kicked off of Facebook as folks who have been treated like a nigger." *Id*., ¶ 17.

---

[2] Plaintiff has yet to pay a judgment entered against him in that case for Facebook's fees and costs incurred to respond to Plaintiff's premature discovery motion. Dkt. No. 44 at 4.

[3] Those six causes of action were (1) breach of contract, (2) promissory estoppel, (3) violation of 42 U.S.C. § 1981, (4) fraud, (5) breach of the covenant of good faith and fair dealing, and (6) false and deceptive business practices under Cal. Bus. & Prof. Code. § 17200.

III.  **ARGUMENT**

   A.  **Plaintiff Has Failed to State a Claim for Retaliatory Breach of Contract**

Plaintiff has failed to "expressly allege" a viable claim "for retaliatory breach of the ToS based on the treatment of his speech that is critical of Facebook." Dkt. No. 44 at 8.

*First*, Plaintiff has failed to identify the contractual provision that he claims Facebook has breached. *See Woods v. Google Inc.,* 2011 WL 3501403, at *3 (N.D. Cal. Aug. 10, 2011) ("In an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached."). "To properly plead breach of contract, '[t]he complaint must identify the specific provision of the contract allegedly breached by the defendant.'" *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016) (quoting *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012)), *aff'd*, 700 F. App'x 588 (9th Cir. 2017); *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011) ("In an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached."). Here, Plaintiff does not specifically allege which contract Facebook has allegedly breached, much less the breach of a specific provision therein. Accordingly, his breach of contract claim fails at the outset. *Caraccioli,* 167 F. Supp. 3d at 1064; *Young,* 790 F. Supp. 2d at 1117; *see also Ebeid v. Facebook, Inc.*, 2019 WL 2059662, at *7 (N.D. Cal. May 9, 2019) (dismissing contract claim against Facebook for failure to identify the specific provision allegedly breached); *In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 848 (N.D. Cal. 2017) ("Because Plaintiffs have not identified the specific contractual provisions they allege were breached, Plaintiffs' breach-of-contract claim will be dismissed…").

*Second*, Plaintiff has failed to sufficiently allege the particular conduct that he contends constitutes breach. Plaintiff alleges without factual support, for instance, that he has been subjected to "[r]epeated Facebook Jailings over items critical of Facebook policy implementation." *See* TAC, ¶ 18(a). But Plaintiff has failed to plead any facts that could "allow the court to draw the reasonable inference that [Facebook] is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted); *see also In re Gilead Scis. Sec.*

*Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

*Third*, to the extent Plaintiff contends that Facebook has somehow violated its own terms of use, "court[s] ha[ve] correctly recognized [that], while Facebook's Terms of Service 'place restrictions on users' behavior,' they 'do not create affirmative obligations.'" *Caraccioli,* 167 F. Supp. 3d at 1064; *see also Young,* 2010 WL 4269304, at *3 n. 6 ("While the Statement of Rights and Responsibilities indicates that it 'derives from the Facebook Principles,' the Facebook Principles do not create legal obligations or grant a user the right to enforce those principles in court."). Nothing in Facebook's terms of use creates any affirmative obligation to Plaintiff—and Plaintiff does not contend otherwise. *Caraccioli*, 167 F. Supp. 3d at 1064; *see also, e.g., Klayman v. Zuckerberg*, 753 F.3d 1354, 1359 (D.C. Cir. 2014) (rejecting plaintiff's argument that Facebook's terms of service give rise to a duty to remove offensive content because "[t]he plain text of the [terms of service] thus disavows the legal relationship that [plaintiff] asserts").

*Fourth*, Facebook's terms of use to which Plaintiff agreed[4] gave Facebook the express right, at its sole discretion, to remove user content—including content posted by Plaintiff. *See* Duffey Decl., ¶¶ 4-6, Ex. A ("You understand and agree that the Company may, but is not obligated to, review the Site and may delete or remove (without notice) any Site Content or User Content in its sole discretion, for any reason or no reason…"); Ex. B ("Facebook may, in its sole discretion, remove or disable access to any User Content"); *see also* Exs. C-I, Section 5.2. Thus, while Plaintiff may believe that Facebook purportedly retaliated against him by blocking his content, Facebook's removal of content cannot, as a matter of law, give rise to liability for breach of contract. *See Caraccioli*, 167 F. Supp. 3d at 1063-64 (dismissing breach of contract claim based on allegation that Facebook failed to remove allegedly objectionable content in violation of its terms of service; "[B]y relying on the . . . Terms of Service . . . [Plaintiff] cannot contradict the provision clarifying that Facebook is not responsible for content shared by other users"); *Caraccioli v. Facebook, Inc*., 700 F. App'x 588, 590 (9th Cir. 2017) ("district court properly dismissed Caraccioli's breach of contract claim and UCL claim, to the extent it was premised on

---

[4] Plaintiff alleges that he signed up for Facebook "in or about 2009." TAC, ¶ 15.

an alleged breach of contract, because these claims are barred by Facebook's terms of service, which expressly disclaim Facebook's responsibility for the content published by third parties")

*Fifth*, Plaintiff has failed to allege any damages caused by any purported breach. *Ebeid*, 2019 WL 2059662, at *8. To establish contractual damages, a Plaintiff must establish "appreciable and actual damage." *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000). It is axiomatic that "[a] breach of contract without damage is not actionable." *Patent Scaffolding Co. v. William Simpson Const. Co.*, 256 Cal. App. 2d 506, 511 (1967); *see also Aguilera*, 223 F.3d at 1015 (nominal damages, speculative harm, or threat of future harm do not suffice to show legally cognizable injury). Here, Plaintiff does not allege that he was ever charged for the use of Facebook's platform, nor does he allege any pecuniary harm of any kind. Accordingly, Plaintiff's claim for breach of contract fails as a matter of law. *Ebeid*, 2019 WL 2059662, at *8 (dismissing breach of contract claims against Facebook where "plaintiff does not allege that he was charged for ads that were not boosted" and "plaintiff's counsel [at the hearing] was unable to articulate an alternative basis for harm tied to Facebook's alleged failure to adequately boost plaintiff's posts"); *Rudgayzer v. Yahoo! Inc.*, 2012 WL 5471149, at *7 (N.D. Cal. Nov. 9, 2012) ("Because Plaintiff has not alleged actual damages, he has failed to sufficiently plead a breach of contract claim under California law."); *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1028 (N.D. Cal. 2012) (dismissing breach of contract claim for failure to allege actual damages).[5]

---

[5] To the extent the TAC purports to plead a claim for breach of the covenant of good faith and fair dealing (*see* SAC at 15), that claim also fails. First, any such claim contradicts the Court's order granting Plaintiff "limited leave to expressly allege a claim for retaliatory breach of the ToS based on the treatment of his speech that is critical of Facebook." Dkt. No. 44 at 8. In any event, "the implied covenant of good faith and fair dealing 'cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.'" *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (quoting *Agosta v. Astor*, 120 Cal. App. 4th 596, 607 (2004)). To the extent the TAC purports to assert such a claim, it is necessarily premised on conduct that Facebook's terms of use expressly permit. *See* Duffey Decl., ¶¶ 4-6, Exs. A-I; *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1137 (9th Cir. 1998) ("a party cannot be held liable on a bad faith claim for doing what is expressly permitted in the agreement"); *Ebeid*, 2019 WL 2059662, at *8 (dismissing claim for breach of the covenant of good faith and fair dealing because "Facebook had the contractual right to remove or disapprove any post or ad at Facebook's sole discretion"); *see also In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 848 (N.D. Cal. 2017) (dismissing claim for breach of

Accordingly, Plaintiff's claim for retaliatory breach fails as a matter of law and must be dismissed.

### B. Plaintiff Has Failed to State a Valid Claim for Violation of the First Amendment of the U.S. Constitution

As an initial matter, Plaintiff's purported First Amendment claim contradicts the Court's Order granting "limited leave to amend to expressly allege a claim for retaliatory breach of the ToS based on the treatment of his speech that is critical of Facebook." Dkt. No. 44, at 8. It should be dismissed for that reason alone.

In any event, Plaintiff's First Amendement claim is facially deficient because Facebook is a private entity and Plaintiff has failed to show that Facebook should be treated as a state actor. *See, e.g., Ebeid,* 2019 WL 2059662, at *6 ("Because Facebook is a private entity and because plaintiff has failed to show that Facebook should be treated as a state actor, plaintiff has failed to state a First Amendment claim."); *Fed. Agency of News LLC v. Facebook, Inc.*, 2019 WL 3254208, at *8 (N.D. Cal. July 20, 2019) ("courts have previously rejected attempts to apply the First Amendment to Facebook"); *Davison v. Facebook, Inc.*, 370 F. Supp. 3d 621, 629 (E.D. Va.) ("Facebook cannot be deemed a state actor. For that reason, Facebook has, as a private entity, the right to regulate the content of its platforms as it sees fit."), *aff'd*, 774 F. App'x 162 (4th Cir. 2019).

Accordingly, both of Plaintiffs' claims fails a matter of law and must be dismissed.[6]

---

covenant of good faith and fair dealing because "Plaintiffs have not identified the terms of the agreement that imposed a duty on Facebook not to engage in the [conduct] at issue").

[6] Plaintiffs' claims are also barred by CDA Section 230(c)(1), 47 U.S.C. § 230(c)(1), for the reasons set forth in Facebook's motion to dismiss his SAC. *See* Dkt. No.20. The TAC purports to plead new legal theories, but Plaintiffs' claims still seek to hold Facebook liable for regulating what content it permits on its platform. Section 230(c)(1) directly prohibits such claims, regardless of the service provider's alleged intent. *See Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1124 (9th Cir. 2003) (So long as a third party willingly provides the essential published content, the interactive service provider receives full immunity regardless of the editing or selection process."); *Levitt v. Yelp! Inc.*, 2011 WL 5079526, at *6–9 (N.D. Cal. Oct. 26, 2011) (holding that there is no good faith requirement for Section 230(c)(1) immunity).

## IV. CONCLUSION

For the foregoing reasons, Facebook respectfully requests the Court to dismiss the case with prejudice as to Facebook.

Dated: October 23, 2019

KEKER, VAN NEST & PETERS LLP

By: /s/ *William S. Hicks*
WILLIAM S. HICKS

Attorneys for Defendant Facebook, Inc.