UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER KING,

        Plaintiff,

    v.

FACEBOOK, INC., et al.,

        Defendants.

Case No.  19-cv-01987-WHO

**ORDER GRANTING MOTION TO DISMISS AS TO FACEBOOK[1]**

Re: Dkt. No. 50

On September 5, 2019, I granted defendant Facebook, Inc.'s motion to dismiss.  In doing so, I rejected each of the claims plaintiff Christopher King asserted against Facebook with prejudice, but gave him limited leave to amend to expressly allege one new theory; a claim for retaliatory breach of contract based on King's assertion "that Facebook engaged in retaliatory conduct by removing his posts or suspending his accounts based on his speech that was critical of Facebook."  September 2019 Order at 8.[2]

King filed his "Post Judgment Amended Complaint" (AC) on September 25, 2019 and Facebook again moves to dismiss.  Dkt. No. 50.  In his Amended Complaint, King asserts three claims: (1) "Retaliatory Breach of Contract in violation of California's Covenant of Good Faith and Fair Dealing" against Facebook; (2) "Unlawful Cancelling of, and Chilling of Free Speech as contrary to the First Amendment of the United States Constitution" against Facebook; and (3) defamation against individual Doe defendants and one now-identified defendant Jennifer Marie Malone.  The basis for the retaliatory breach claim against Facebook is that some of King's

---

[1] Pursuant to Civil Local Rule 7-1(b), this matter is appropriate for resolution on the papers and the December 11, 2019 hearing is VACATED.

[2] Facebook did not move to dismiss, and I did not reach, the defamation claim King asserted against Does for defamatory content posted about him on Facebook.

United States District Court
Northern District of California

content on Facebook was blocked by Facebook (for purported violation of "community standards") only after he threatened to sue and did sue Facebook.  AC ¶ 16.  In addition, he alleges that in response to his posts that were critical of Facebook, Facebook shut down his accounts or blocked his posts, delayed internal review of his complaints in response, and blocked content that was not in violation of Facebook's "community standards."[3]  King alleges that Facebook's actions were taken "out of retaliatory animus to frustrate Plaintiff's enjoyment even terms of a contract in which Defendant would agree that Plaintiff had not violated!"  AC ¶ 18.

With respect to the new First Amendment claim, plaintiff was not given leave to assert it under my prior Order granting Facebook's motion to dismiss.  The claim, therefore, is not properly in this case and I will not address it.[4]

The claim King was given limited leave to allege for retaliatory breach fails.  In order to state a claim based on a breach of contract, a plaintiff must identify, but King but has not identified here, "the specific provision of the contract allegedly breached by the defendant." *Caraccioli v. Facebook, Inc*., 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016), *aff'd*, 700 Fed. Appx. 588 (9th Cir. 2017) (internal quotation omitted); *see also Ebeid v. Facebook, Inc*., 18-CV-07030-PJH, 2019 WL 2059662, at *7 (N.D. Cal. May 9, 2019) (dismissing complaint for failure to identify the contract and provision within the contract allegedly breached by Facebook). Assuming that the contractual basis for King's breach claim is the Terms of Use (Terms) which Facebook requires users to agree to, the claim lacks merit.  As courts in this District have explained, while Facebook's Terms "place restrictions on users' behavior," they "do not create affirmative obligations" on Facebook. *Young v. Facebook, Inc.,* No. 5:10–cv–03579–JF/PVT,

---

[3] The AC also repeats allegations that Facebook has blocked King's content for violation of its "Hate Speech" policy, but those allegations are not actionable for the reasons explained in my September 2019 Order.

[4]  Even if I were to address it, the claim would fail because Facebook is not a "state actor" or performing an exclusive "public function" such that the First Amendment would apply to its conduct.  *See Fed. Agency of News LLC v. Facebook, Inc*., 395 F. Supp. 3d 1295, 1311 (N.D. Cal. 2019) ("by operating its social media website, Facebook has not engaged in any functions exclusively reserved for the government. Therefore, Facebook does not operate as a public forum, so Facebook's actions do not amount to state action under the public function test."); *see also Prager U. v. Google LLC*, 17-CV-06064-LHK, 2018 WL 1471939, at *8 (N.D. Cal. Mar. 26, 2018) (YouTube service did not turn Google into a state actor).

United States District Court
Northern District of California

United States District Court
Northern District of California

2010 WL 4269304, at *3, (N.D.Cal. Oct. 25, 2010); *see also Caraccioli v. Facebook, Inc*., 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016), *aff'd*, 700 Fed. Appx. 588 (9th Cir. 2017)(unpublished). Also fatal to King's breach claim is that the Terms themselves provide that Facebook may for "any reason" and in its "sole discretion" remove content and suspend or block user accounts.[5] Considering the facts alleged in support of the retaliatory breach claim – that Facebook removed or blocked access to King's content or accounts because Facebook disagreed with King's comments that were critical of Facebook's own conduct – there is nothing in the Terms of Use or other contract identified by King that could plausibly support a breach claim.

Finally, King was not given leave to plead a claim based on the implied covenant of good faith and fair dealing. Although King apparently asserts the implied covenant claim as part of the retaliatory breach claim, breach of contract and breach of the implied covenant are two separate claims. *Swearengin v. Contl. Ins. Co*., CV-02-5281-EFS (SHX), 2002 WL 34439648, at *3 (C.D. Cal. Oct. 3, 2002) ("breach of contract and breach of the implied covenant of good faith and fair dealing are two distinct claims"). And the implied covenant claim fails for the same reasons the retaliatory breach claim fails.[6] King fails to identify a contractual provision that Facebook allegedly violated. Instead, the conduct King alleges that forms the basis of this claim is expressly *allowed* by the Terms. *See Ebeid v. Facebook, Inc*., 2019 WL 2059662 at *8 (implied covenant

_____

[5] The Terms of Use attached to the Declaration of Michael Duffey (Dkt. No. 50-2), relied on by King in his Opposition (Dkt. No. 53 at 5, 17), are incorporated by reference into the AC as the basis for King's breach of contract claim. *See Caraccioli v. Facebook, Inc*., 167 F. Supp. 3d 1056, 1063 (N.D. Cal. 2016) (taking judicial notice of terms of service); *see also* Terms at ECF pg. 8 of 87 ("You understand and agree that the Company may, but is not obligated to, review the Site and may delete or remove (without notice) any Site Content or User Content in its sole discretion, for any reason or no reason, including User Content that in the sole judgment of the Company violates this Agreement or the Facebook Code of Conduct, or which might be offensive, illegal, or that might violate the rights, harm, or threaten the safety of users or others."); *id*. at ECF pg. 22 of 87 (" Facebook may, in its sole discretion, remove or disable access to any User Content."); ECF pg. 85 of 87 (suspension of account).

[6] "An allegation of breach of the implied covenant of good faith and fair dealing is an allegation of breach of an 'ex contractu' obligation, namely one arising out of the contract itself. The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purposes." *Foley v. Interactive Data Corp*., 47 Cal. 3d 654, 690 (1988). As such, the implied covenant claim must be based on a contract between the parties and cannot be based on allegations that King was mistreated based broadly "on his race" or because he complained of racism. Opposition (Dkt. No. 53) at 1 n.1.

1    claim failed as "Facebook had the contractual right to remove or disapprove any post or ad at

2    Facebook's sole discretion.").

3         In light of the foregoing, Facebook's Motion to Dismiss is GRANTED and Facebook is

4    dismissed from this case WITH PREJUDICE.

5                                    **ORDER TO SHOW CAUSE**

6         Remaining as defendants are Jennifer Marie Malone and Does that plaintiff is presumably

7    attempting to identify through limited discovery provided by Facebook.  Dkt. No. 52.  The only

8    claim asserted against these remaining defendants is the claim for defamation.  Diversity

9    jurisdiction is not apparent from the face of the Amended Complaint and I am not inclined to

10   exercise supplemental jurisdiction over the defamation claim now that the federal claims have

11   been dismissed with prejudice.

12        Therefore, plaintiff is ORDERED TO SHOW CAUSE why the remaining defamation

13   claim should not be dismissed.  On or before **January 6, 2020**, plaintiff shall file a response

14   informing me of the status of the discovery covered by Dkt. No. 52, the status of service of

15   Malone and any current or former Doe defendant, and any reason why I should not dismiss the

16   remaining claim against the remaining defendants for lack of jurisdiction.

17        **IT IS SO ORDERED.**

18   Dated: December 3, 2019



     William H. Orrick
     United States District Judge

United States District Court
Northern District of California

4