

TECH

# Platform Access Is A Civil Right.

## Here's how conservatives can protect it.

By

**Will Chamberlain**

On May 3, 2019

When Lyndon Johnson was in Congress in the 1950s he had three of his employees drive his car back from Washington to Austin at the end of every legislative session. That trip took his employees through the deep south. In Johnson's telling, this went on for years without incident and he was unaware of any issues with this trip.

All three employees were black.

We, as a society, do not *have* to allow private companies to violate Americans' civil rights.

1

One year, he asked the three employees to take his dog, Beagle, back to Austin with him. According to Robert A. Caro in *Master of the Senate*, one employee hesitated, explaining:

> "It's tough enough to get all the way from Washington to Texas. We drive for hours and hours. We get hungry. But there's no place on the road we can stop and go in and eat. We drive some more. It gets pretty hot. We want to wash up. But the only bathroom we're allowed in is usually miles off the main highway. We keep goin' 'til night comes – 'til we get so tired we can't stay awake anymore. We're ready to pull in. But it takes another hour or so to find a place to sleep.
>
> "You see, what I'm saying is that a colored man's got enough trouble getting across the South on his own, without having a dog along."

In Johnson's telling, hearing this story was jarring enough to permanently convince him of the necessity of protecting his employees – and every other African-American – from discrimination.



Lyndon Johnson signs the Civil Rights Act, 1964

And it should change the view of any holdout radical libertarian who still thinks that the Civil Rights Act of 1964 was unjust. Because you know what? Private property rights are great.

2

But that does not mean that we, as a society, had to let private restaurant owners and private hotel managers turn away customers because they were black. We didn't have to accept a world in which black people had to defecate on the side of the road because they weren't allowed to use a privately-owned restroom.

We, as a society, do not *have* to allow private companies to violate Americans' civil rights.

## SILENCED

Yesterday, Paul Joseph Watson, Laura Loomer, Alex Jones, and Milo Yiannopoulos were permanently <u>banned</u> from Facebook and Instagram. InfoWars content itself was banned even more broadly – accounts that share InfoWars content will see it deleted, and accounts that repeatedly share it will be banned themselves.

…for Loomer and Yiannopoulos, this was the death blow.
For Watson, this is a nontrivial loss – while he still has massive platforms on <u>YouTube</u> and <u>Twitter</u>, he spent plenty of time building up his Facebook and Instagram accounts too. All that time and effort is now dissipated because of the decision of some petty leftist apparatchiks in Silicon Valley.

But for Loomer and Yiannopoulos, this was the death blow. Instagram was their only remaining platform, both having already been banned from Twitter. They no longer have any ability to meaningfully contribute to public discourse.
They have been silenced. Not by the government, but by the private companies which – together – constitute the modern public square in 2019.
Reading Laura Loomer's <u>reaction</u> should trouble anyone:

**Jon Levine**
✔@LevineJonathan

Laura Loomer texts me this after her social media bans today:

"What's the point of life anymore? ... I'd rather kill Myself than to let them take the victory lap."https://www.thewrap.com/facebook-bans-milo-alex-jones/ ...



Now, a critic might argue that Loomer's First Amendment rights haven't been violated, because she could always go to a public park and scream into the ether.
That's true.

Lyndon Johnson's black employees could always sleep in their cars, too.

## A SIMPLE MORAL CASE

Platform access is a civil right.

You should now have the same right to speak on Facebook, Twitter, and Instagram that you do in a public park.

This is not the current state of the law. The Supreme Court has made it clear that the First Amendment does not prevent private actors from restricting speech, except in rare circumstances. And no current legislation recognizes platform access as a civil right. This is aspirational. It's what the law *should* be.


The U.S. Supreme Court

Free Speech is more than the First Amendment, which only protects you from the government infringing on your rights. In 2019, that is woefully inadequate. Access to the large social media platforms – Facebook, Twitter, and Instagram – is a prerequisite to meaningful free speech in 2019.

Social media companies certainly will strenuously object to this formulation, but they can hardly complain, given that the federal government has underwritten and undergirded their development. The vast majority of serious public debate takes place there. Thus, access to large social media platforms is a civil right.

When private companies violate civil rights, we pass laws to stop them from doing so.When private companies violate civil rights, we pass laws to stop them from doing so.That's what we should do here.

## A FORMAL POLICY PROPOSAL

Conservatives should focus on passing legislation – at BOTH the state and federal levels – that protects all citizens' access to large social media platforms on civil rights grounds. Access should be forfeitable only if one engages in unlawful speech on a platform. If a large social media company wrongfully denies you access to or removes you from their platform or, you should be able to walk into court, get an injunction against the company that forces them to restore your account, and be awarded substantial statutory damages.

Notice – I said *both* state and federal laws. It will be a very serious challenge to get a federal law passed protecting this civil right, given the current composition of Congress. But states with heavily Republican legislatures can pass laws that protect their state's citizens from de-platforming.

And if they do so, Facebook, Twitter, and Google will have to comply if they want to keep doing business in that state.
In response to proposals like this, establishment conservatives have been rallying around their favorite argument of all time: the slippery slope. For an example, here's this, from the Washington Examiner's Tiana Lowe:



Tiana Lowe ✔
@TianaTheFirst

Serious question to "conservatives" who want the gov't to regulate social media: what do you do when the GOP loses control of the White House & Congress? That day will come, even if only temporarily. When it does, do you want President AOC appointing the regulators?

♡ 5,037   2:07 PM - May 2, 2019                          ⓘ

💬 2,471 people are talking about this                    ❯

6

This argument comes up routinely in any discussion about the merits of regulating big tech companies. The problem? It's facile.

## GOVERNMENT SPEECH REGULATION IS A ONE-WAY RATCHET

If Democrats retake the White House, they can't constitutionally use laws like the one I proposed above to *constrain* speech. First Amendment Law is a one-way ratchet. If a regulator tried to twist the civil rights laws in such a way that they were constraining speech, you could walk into a district court anywhere in the country and get an injunction forcing them to stop.

The recently decided Supreme Court case, *Packingham v. North Carolina*, is instructive here.

In that case, Lester Packingham – a North Carolina resident and a registered sex offender – posted to Facebook about an experience in traffic court. North Carolina had a law banning registered sex offenders from using social media sites.

If Democrats retake the White House, they can't constitutionally use laws like the one I proposed above to *constrain* speech.

*Packingham* demonstrates what happens when *governments* try to use regulation to try and restrict access to social media sites. The facts of *Packingham* are pretty simple; the government of North Carolina, for perfectly sensible reasons, passed a law that prohibited convicted sex offenders from using social media. The Supreme Court, in a unanimous decision, found this speech constraint unconstitutional. And used very basic, settled law to do so. Simply put – under long-standing first amendment law, the government *cannot restrict your access to the public square*. As Justice Kennedy explained:

"By prohibiting sex offenders from using those websites, North Carolina with one broad stroke bars access to what for many are the principal sources for knowing current events, checking ads for employment, speaking and listening in the modern public square, and otherwise exploring the vast realms of human thought and

knowledge. . . . In sum, to foreclose access to social media altogether is to prevent the user from engaging in the legitimate exercise of First Amendment rights."

So here we have it – a unanimous Supreme Court decision holding that the First Amendment prohibits federal and state governments from restricting your access to social media. North Carolina's law was clearly well-intentioned; they were trying to protect children from sex offenders by keeping those sex offenders off of social media.

But even a speech restriction *that* understandable did not pass Constitutional muster.

This isn't a close question. The concerns about government regulation being turned around to constrain speech are simply unfounded.

## REGULATORS AREN'T NEEDED: COURTS CAN DO THE JOB

Finally, and perhaps most importantly, the laws I am proposing do *not* necessarily require regulators to enforce.
By creating a private right of action that allows citizens to walk into court and get their accounts restored, it will be judges – not regulators – that protect the civil right to platform access.
This is the similar to how other civil rights are protected. While there are regulators that try to stop civil rights violations *ex ante*, much of the "regulation" is done through *ex post* litigation. I see very few conservatives complaining about courts' ability to issue injunctions and impose fines to remedy racial discrimination. Conservative objections to this plan are "peacetime" objections. And we are not at peace.

Another example is the Telephone Consumer Protection Act of 1991 (TCPA) – which imposes restrictions on telephone solicitations, automated text messages, and the use of auto-dialing systems. While the FTC does regulate based on this statute, one of the primary mechanisms of enforcement is litigation.

The TCPA created a private right of action for consumers who were the target of unlawful phone calls and texts. That right of action allows private citizens both injunctive relief and statutory damages.

Would conservatives say that the TCPA (signed into law by George H.W. Bush) is an "unacceptable" interference into the free market? Or that we have to worry about what Democrats will do with the power to regulate telemarketers?
Obviously not.

Conservatives should frame de-platforming as a civil rights issue – because it is one.

And Republicans in friendly state legislatures should pass laws protecting that civil right – because they can.

Conservative objections to this plan are "peacetime" objections.

And we are not at peace.

*Will Chamberlain is a lawyer and publisher of Human Events*



Written By
Will Chamberlain
Will Chamberlain is a lawyer and the publisher of Human Events.