UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER KING,<br><br>    Plaintiff,<br><br>    v.<br><br>FACEBOOK, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-01987-WHO<br><br>**ORDER DISMISSING CASE AND DENYING RULE 59 MOTION**<br><br>Re: Dkt. Nos. 56, 57 |

On December 3, 2019, I DISMISSED all of plaintiff's claims against defendant Facebook, Inc. WITH PREJUDICE. Dkt. No. 55. However, because plaintiff also named as defendants Jennifer Marie Malone and "Does," I issued an Order to Show Cause requiring King to explain "the status of service of Malone and any current or former Doe defendant, and any reason why I should not dismiss the remaining claim against the remaining defendants for lack of jurisdiction." *Id*. at 4.[1] King responded to the OSC on December 5, 2019. In that response, King did not address "Malone" or "Does" but said he had "no problem with the Court dismissing Defendant Samuels as he would rather sue her in a Massachusetts Court." Dkt. No. 56. It is not clear whether "Samuels" was a misnomer for Malone or is a different person; regardless King did not address the steps (if any) that he had taken to serve Malone, Samuels, or any Doe defendant.

On December 31, 2019, King filed a "Rule 59 Motion to Alter Judgment and/or for a New Trial." Dkt. No. 57. In that filing, King makes a number of assertions about Facebook's conduct and raises arguments that I have already considered and rejected (for example, that Facebook should be treated as a public actor and subject to liability for infringing on King's constitutionally

---

[1] Defendant Malone was alleged to be a resident of Massachusetts and the only claims asserted against her, and the unidentified Does, were state law defamation claims. Amended Complaint, Dkt. No. 47.

protected freedom of speech). *Id*. at 1-3. King also complains that Facebook has not responded to discovery requests regarding defendant Malone, although King admits that he knows Malone's identity and intends to sue her in Massachusetts. *Id*. at 4.

Construing King's Rule 59 motion as a motion for reconsideration or relief under Rule 60(b) and considering the arguments raised by King on their merits,[2] King's motion is DENIED. I will not revisit issues addressed and resolved in my prior Orders. King does not identify any material difference in fact or law that would justify reconsideration or relief under Rule 60(b).[3]

Because the only claims left in this case are state law defamation claims asserted against Malone and unidentified Does – which King admits he wants to pursue in Massachusetts – the remaining claims against Malone and the Does are DISMISSED WITHOUT PREJUDICE.

Judgment shall be entered accordingly. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: January 9, 2020



William H. Orrick
United States District Judge

---

[2] Because a judgment has not yet been entered in this case, a Rule 59 motion is premature. Rule 60(b) permits a party to move for relief from a final judgment or order based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). In addition, the Northern District's Civil Local Rules require leave before filing a motion for reconsideration. Civil L.R. 7-9(b). Leave will only be granted where the motion for leave shows: (1) a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order; (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. *Id*.

[3] King does discuss the contents of an amicus brief submitted in a case pending before the United States Court of Appeals for the District of Columbia Circuit. Dkt. No. 57 at 3, 8-9. However, arguments made in an amicus brief are not material differences in law justifying reconsideration or relief under Rule 60(b).