UNITED STATES DISTRICT FEDERAL COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER KING, JD<br>A/K/A KingCast, | ) | CASE NO 19-CV-1987 |
| | ) | |
| Plaintiff, | | |
| | ) | JUDGE WILLIAM ORRICK |
| vs. | | |
| | ) | |
| FACEBOOK, INC.<br>JENNIFER MARIE MALONE | ) | |
| JANE AND JOHN DOES, | | |
| | ) | |
| Defendant. | | |

**PLAINTIFF'S MOTION FOR CLARIFICATION ON RULE 59 MOTION DENIAL
AS TO DISCOVERY AND UNCONSCIONABILITY**

I.    <u>Overview Vis a Vis Wadler et al v. Custard Insurance Adjusters, Inc.</u>

The Court noted with respect to Plaintiff's Rule 59 Motion:

> On December 31, 2019, King filed a "Rule 59 Motion to Alter Judgment and/or
> for a New Trial." Dkt. No. 57. In that filing, King makes a number of assertions
> about Facebook's conduct and raises arguments that I have already considered
> and rejected (for example, that Facebook should be treated as a public actor and
> subject to liability for  infringing on King's constitutionally protected freedom of
> speech). Id. at 1-3. King also complains that Facebook has not responded to
> discovery requests regarding defendant Malone, although King admits that he
> knows Malone's identity and intends to sue her in Massachusetts. Id. at 4.
> Construing King's Rule 59 motion as a motion for reconsideration or relief under
> Rule 60(b) and considering the arguments raised by King on their merits, 2 King's
> motion is DENIED.

First of all, Plaintiff is content to know that eventually the position he shares with

Defendant's own Amicus Counsel David P. Lukmire will be the Law of the Land so

Facebook is living on borrowed time:

1

<u>Platform Access is a Civil Right</u>.
A reflection on Lyndon Baines Johnson and the 1964 Civil Rights Act.
By **Will Chamberlain**
On May 3, 2019

The case for restricting the subject matter of section 230 immunity is equally strong...... **One thing is for certain: unless courts narrow their interpretations of section 230, deserving plaintiffs will be without redress.  (Luckmire)**

**********

The Court went on to address this Notion in Fn3 of its ORDER Denying Rule 59 Relief:

> King does discuss the contents of an amicus brief submitted in a case pending before the United States Court of Appeals for the District of Columbia Circuit. Dkt. No. 57 at 3, 8-9. However, arguments made in an amicus brief are not material differences in law justifying reconsideration or relief under Rule 60(b).[1]

That case, to be specific, is United States District Court of Appeals (DC Cir. ) *Freedom Watch/Laura Loomer v. Google, Facebook* et al., No. 19-7030 with highly-esteemed Counsel from the Lawyer's Committee for Civil Rights under Law and the Washington Lawyers' Committee for Civil Rights and Urban Affairs on the Briefings. https://www.washlaw.org/wp-content/uploads/2019/10/Freedom-Watch-v.-Google-amicus-FILED-10-15-19.pdf

Since that time Plaintiff-Appellant realized that he forgot to mention the fact that District of Columbia Attorney General Karl Racine and Solicitor General Loren Alikan have also joined the Fray with their Amicus, a fact that Plaintiff-Appellant will note in his next classroom discussion series for his Documentary film. https://oag.dc.gov/sites/default/files/2019-10/Freedom-Watch-v-Google-Amicus.pdf

So then, with the First Amendment issues explicated Plaintiff moves on to the Malone Discovery and Unconscionability per *Wadler*, a Decision authored by His Honor in the past year that directly addresses Unconscionablilty in an adhesion clause context, but which the Court never addressed in this case.

---

[1] Plaintiff does not recall the Court addressing his arguments on *Pruneyard* whatsoever, at any point in time. Plaintiff is clear on the Court's position on First Amendment matters however, so he does not seek any clarification relative thereto; that is all ready for Appeal as is.

II.   <u>Current Status of Case and Undecided Show Cause Order</u>.

The Court impliedly ruled that Facebook does not have to provide any Discovery and as such, benefitted by sitting on its hands when Discovery was almost due. That much is clear.  From Plaintiff's Rule 59 Motion:

This individual had publicly claimed, on at least one occasion, that Plaintiff had traumatized other women and used and abused them, and had illicit affairs and that these women had come to her for help. Conduct of moral turpitude, Slander per se.

These Discovery responses would have been due on or about 10 December, 2019 but Facebook claims that it benefitted from the Court's *sua sponte* ORDER of 3 December 2019 dismissing all claims (Docket #55. Plaintiff disputed this contention in his response to the Court's 3 December 2019 Show Cause Order and left it up to the Court to decide:

********

Also, nice way for your client to drag its feet on my Discovery Request. It had PLENTY of time to answer the request as I tendered it back on 14 Nov and it is now 5 Dec. Hell, your client only had a few more days left anyway.

As such, in the interests of clarity Plaintiff would appreciate the Court specifically saying "Defendant is not required to produce any Discovery until Plaintiff sues Ms. Malone."  It is preferable that it be clear on the Record because clarity is always preferable to any potential ambiguity. Also the Court had questioned the use of the last name Samuels at some point in Plaintiff's filings. Samuels is indeed a misnomer as that is her husband's last name. Plaintiff does not anticipate him being a Defendant although he may be called as a witness. It's all in the Comprehensive Report from Plaintiff's PI firm:

**Important:**

This is NOT a CONSUMER REPORT and does not constitute a "consumer report" under the Fair Credit Reporting Act ("FCRA"). This report may not be used to determine the eligibility for credit, insurance, employment or any other purpose regulated under the FCRA.

This system may be used only in accordance with your Subscriber Agreement, the Gramm-Leach-Bliley Act ("GLBA"), the Driver's Privacy Protection Act ("DPPA") and all other applicable laws.   User agrees to having knowledge of all applicable laws pertaining to the usage of data.  User accepts all responsibility civilly and criminally for any use of this system.

Violations of these restrictions or misuse of this system will cause your access to be terminated and will cause an immediate investigation.

**Comprehensive Report**

III.     <u>The Adhesion Clause that the Court Did Not Address</u>.

Plaintiff wrote:

Further the absolute ability to do whatever Facebook desires while placing all

matter of conditions on users is fascinating in and of itself because that begs Plaintiff's

entire point on the First Amendment as well as the Contractual issue:

The Adhesion Contract is, in and of itself, a mere adhesion clause, clickwrap

illusory Contract that is subject to the very analysis set forth by His Honor in *Wadler et al*

*v. Custard Insurance Adjusters, Inc*, 17-CV-05840 (11 April 2018), the Court DID NOT

address in its Dismissal. To wit from Plaintiff's Memorandum Contra 12(b)(6):

In this case we have an overly harsh situation and His Honor is already aware of

the harsh nature of clickwrap/adhesion clause agreements and finds them presumptively

suspect. As Plaintiff has noted on prior occasion at his blog that Defendant hates, see

*Wadler et al v. Custard Insurance Adjusters, Inc*, 17-CV-05840 (11 April 2018), Fees

awarded five (5) days after Oral Argument in the case at bar, or 22 July 2019. The case

involved clickwrap or adhesion-clause abuse in an unequal arms-length situation. Mark

Zuckerberg alone is worth $85B. Plaintiff is worth approximately $30,000.00 at the

moment, or .0000003529% of that. From *Wadler*:

Procedural unconscionability occurs where a contract or clause involves oppression, consisting of a lack of negotiation and meaningful choice, or surprise, such as where the term at issue is hidden within a wordy document. Id. "California law treats contracts of adhesion, or at least terms over which a party of lesser bargaining power had no opportunity to negotiate, as procedurally unconscionable to at least some degree." *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp*., 622 F.3d 996, 1004 (9th Cir. 2010).

Substantive unconscionability occurs where the provision at issue "reallocates risks in an objectively unreasonable or unexpected manner." *Lhotka*, 181 Cal. App. 4th at 821 (citation omitted). "Substantive unconscionability focuses on the one-sidedness or overly harsh effect of the contract term or clause." Id. at 824–25 (citation omitted)......... https://howtosuefacebook.blogspot.com/2019/08/judge-in-facebook-cda- 230-immunity.html….

….How long can this consumer and user abuse continue while entities like Facebook can just run amok and make a mockery of our Laws and larger implications of First Amendment Freedoms in the "the modern public square" as Justice Kennedy calls it? Facebook Amicus Counsel David P. Lukmire said it should have ended a long time ago (OMITTED).

As such, the Cause of Justice requires that the Court directly square *Wadler* with the Case at bar so that we have a complete Record.

IV.     <u>Conclusion</u>.

     The writing is on the wall folks. The District of Columbia lawyers know it. Plaintiff knows it. Defendant and Counsel for Defendant know it. This Court knows it and Application of Wadler to this case would have resulted in Plaintiff moving on to a Jury Trial so that is why we need absolute clarity on the matter from the Court. As Bob Dylan would (and did) say:

1. The Times they are A-Changing.
2. I Ain't Working on Maggie's Farm no more.

     The Eric Goldmans and other CDA absolutists be dammed. These white men of privilege and their silicon valley brothers (and a few sisters) own and control the means of social discourse not only in this Country but throughout the World. Should this Court continue to allow Facebook's wanton abuses of privilege then that is on the Court's conscience, but it will never be on Plaintiff's: He is going to continue fighting this War until is it won, and it most assuredly will be won. This Court has a unique opportunity to stand for what is right… or it can provide negative reinforcement for all that is wrong. Respectfully submitted,

_____
Christopher King, J.D.

6